

| | |
|---|---|
| KENNETH PAUL LYONS, HELEN JEAN SCHUMACHER LYONS, LYONS FAMILY TRUST, DOROTHY LYONS BELILE, PHILLIP M. LYONS, SR., MARIE ELDER LYONS, ROBERT CHARLES BABCOCK, DEBORAH MCLEMORE BABCOCK, and FINGERLAKE ESTATES CORPORATION, INC. | 14TH JUDICIAL DISTRICT COURT<br><br>STATE OF LOUISIANA<br><br>PARISH OF CALCASIEU |

Plaintiffs,

CASE NO. **2015-1008  E**

v.

AXIALL CORPORATION,
GEORGIA GULF CORPORATION,
GEORGIA GULF LAKE CHARLES, LLC,
SUN, L.L.C., TURNER INDUSTRIES
GROUP, L.L.C., and EAGLE US 2, LLC

**SCANNED**

MAR 2 0 2015

Defendants.

Filed:   **3·11·15**

Deputy Clerk

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come the plaintiffs, KENNETH PAUL
LYONS, HELEN JEAN SCHUMACHER LYONS, LYONS FAMILY TRUST, DOROTHY LYONS BELILE,
PHILLIP M. LYONS, SR., MARIE ELDER LYONS, ROBERT CHARLES BABCOCK, DEBORAH
MCLEMORE BABCOCK, and FINGERLAKE ESTATES CORPORATION, INC. (collectively, the
"plaintiffs"), who are fully competent to bring this lawsuit and file this Petition for Damages on
the following grounds:

1.

The defendants named herein are:

a.  AXIALL CORPORATION ("Axiall"), a Delaware corporation, which may be duly
    cited and served through its registered agent, Corporation Service Company,
    320 Somerulos Street, Baton Rouge, Louisiana 70802-6129;

b.  GEORGIA GULF CORPORATION ("Georgia Gulf"), a Delaware corporation,
    which may be duly cited and served through its registered agent, Corporation
    Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-
    6129;

c.  GEORGIA GULF LAKE CHARLES, LLC ("Georgia Gulf"), a Delaware limited
    liability company whose sole member is Axiall, which may be duly cited and
    served through its registered agent, Corporation Service Company, 320
    Somerulos Street, Baton Rouge, Louisiana 70802-6129;

**EXHIBIT
A**

Filing Date: 03/11/2015 12:00 AM          Page Count: 15
Case Number: 2015-001008
Document Name: PETITION

C M S 4 7 3 4 2 6 8

**PROCESSED**
Date: MAR 1 9 2015

Date  MAR 1 1 2015
Check # 11906
From Vernon Bice
Amt  $800.00
Recd by  AC

d. SUN, L.L.C. ("Sun"), a Louisiana limited liability company with its principal place of business in Louisiana, which has one or more members who are citizens of Louisiana, and which may be duly cited and served through its registered agent, Damon Hardesty, 1608 North Hilma Street, Westlake, Louisiana 70669;

e. TURNER INDUSTRIES GROUP, L.L.C. ("Turner"), a Louisiana limited liability company with its principal place of business in Louisiana, which has one or more members who are citizens of Louisiana, and which may be duly cited and served through its registered agent, John H. Fenner, III, 8687 United Plaza Boulevard, Baton Rouge, Louisiana 70809; and

f. EAGLE US 2, LLC ("Eagle"), a Delaware limited liability company whose sole member is Axiall, with its principal place of business in Louisiana, which may be duly cited and served through its registered agent, CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana, 70808.

2.

The following individuals or entities are named as plaintiffs in this lawsuit:

a. KENNETH PAUL LYONS, an individual of full age of majority, who is a citizen of Louisiana, appearing individually and as the duly appointed co-trustee of the LYONS FAMILY TRUST;

b. HELEN JEAN SCHUMACHER LYONS, an individual of full age of majority, who is a citizen of Louisiana;

c. LYONS FAMILY TRUST, a trust created under an Act of Donation, and recorded in the public records of Calcasieu Parish on March 3, 2014, under File No. 3130186;

d. DOROTHY LYONS BELILE, an individual of full age of majority, who is a citizen of Texas, appearing as the duly appointed co-trustee of the LYONS FAMILY TRUST;

e. PHILLIP M. LYONS, SR., an individual of full age of majority, who is a citizen of Texas, appearing as the duly appointed co-trustee of the LYONS FAMILY TRUST;

f. MARIE ELDER LYONS, an individual of full age of majority, who is a citizen of Texas, appearing as the duly appointed co-trustee of the LYONS FAMILY TRUST;

g. ROBERT CHARLES BABCOCK, an individual of full age of majority, who is a citizen of Louisiana;

h. DEBORAH MCLEMORE BABCOCK, an individual of full age of majority, who is a citizen of Louisiana; and

i. FINGERLAKE ESTATES CORPORATION, INC., a Louisiana corporation with its principal place of business in Louisiana.

3.

The plaintiffs are the owners of certain land located in Sections 28 and 29 of Township 9 South, Range 10 West, Calcasieu Parish, Louisiana. This land is located in Sulphur, Louisiana, and is more particularly described as follows:

- Commencing at the Northwest corner of Section 28, Township 9 South, Range 10 West, Calcasieu Parish, Louisiana; thence South 89° 44' 55" East 1,032.68 feet to the centerline of a drainage ditch; thence South 10° 15' 13" East along the centerline of said ditch a distance of 944.85 feet; thence continuing along the centerline of said ditch South 05° 36' 40" West 942.21 feet; thence South 05° 59' 52" West 871.59 feet to the centerline intersection of another ditch; thence South 89° 36' 08" West 904.07 feet; thence North 01° 07' 37" East 86.92 feet; thence South 89° 48' 30" West 93.36 feet to the West line of said Section 28; thence North 0° 28' 24" West 2,658.58 feet to the point of commencement and containing 69.089 acres more or less, AND:

  Commencing at the Southwest corner of Section 28, Township 9 South, Range 10 West, thence North 01° 07' 37" East 2,626.11 feet, thence North 89° 48' 30" East 20.0 feet; thence South 01° 07' 37" West 2,626.11 feet; thence South 89° 41' 45" West 20 feet to the point of commencement, containing 1.2 acres more or less, LESS AND EXCEPT:

  Commencing at a point which is South 0° 28' 24" East 1,461.83 feet from the Northwest corner of Section 28, Township 9 South, Range 10 West; thence South 80° 29' 43" East 1,134.13 feet along the centerline of a drain ditch to the centerline of another ditch; thence South 05° 36' 40" West on and along the centerline of said ditch a distance of 224.0 feet; thence continuing along the centerline of said ditch South 05° 59' 42" West a distance of 376.98 feet to the North side of a shell road, thence South 87° 08' 41" West along the North line of said road a distance of 1,051.65 feet to the West line of said Section 28; thence North 0° 28' 24" West 837.54 feet to the point of commencement, all situated in Calcasieu Parish, Louisiana, and containing 17.916 acres more or less (the "17-acre Tract"), remaining acres contained are 52.37 more or less (the "52-acre Tract").

- Commencing on the West line of the Sabine Diversion Canal at its intersection with the Brimstone Drain Ditch, in the center of said Brimstone Drain Ditch; thence North along said West line to the Sabine Diversion Canal about 2,133.5 feet to the South line of property owned by Tuesday Incorporated; thence West on said South line about 1,354 feet to the centerline of a drain ditch running North and South; thence Southerly along said centerline approximately 2,133.5 feet to the center of the Brimstone Drain Ditch; thence Easterly along said center of the Brimstone Drain Ditch, approximately 1,512 feet to point of commencement, containing 71.13 acres more or less, all being situated in Section 28, Township 9 South, Range 10 West, Calcasieu Parish, Louisiana, LESS and EXCEPT that certain 5-acre tract sold to Harold Kelly described as follows (the "5-acre Tract"):

  Commencing at a point which is South 00° 28' 24" East 1,638.06 feet and North 89° 31' 36" East 1,503.63 feet from the Northwest Corner of Section 28, Township 9 South, Range 10 West; thence North 89° 59' 48" East 452.84 feet; thence South 05° 47' 18" West 465.47 feet to the North side of a shell road; thence North 89° 37' 05" West 470.0 feet; thence North 05° 47' 18" East 357.91 feet; thence North 15° 05' 10" East 107.56 feet to the point of commencement, all being situated in Calcasieu Parish, Louisiana, the remaining acres being 67 more or less (the "67-acre Tract").

- Beginning at a point 3,050 feet North of the Southeast corner of Section 20, [Township 9 South, Range 10 West, Calcasieu Parish, Louisiana]; thence West 1,785 feet; thence South 3,050 feet to the South boundary line of Section 20; thence East 1,725 feet; thence South 2,764 feet in Section 29; thence East 60 feet to the east boundary line of Section 29; thence North 5,814 feet to point of commencement, and containing 128.79 acres more or less (the "128-acre Tract").

- Commencing at the Southeast corner of Section 29, Township 9 South, Range 10 West; thence North 0° 28' 24" West 2,625.45 feet; thence North 89° 48' 30" East 73.36 feet; thence South 01° 07' 37" West 2,626.11 feet to the point of commencement (the "2-acre Tract").

4.

The plaintiffs, Kenneth Paul Lyons, Helen Jean Schumacher Lyons, the Lyons Family Trust, Robert Charles Babcock, and Deborah McLemore Babcock are the undivided, one-hundred percent owners of the 52-acre Tract and the 67-acre Tract.

5.

The plaintiffs, Robert Charles Babcock and Deborah McLemore Babcock, are the undivided, one-hundred percent owners of the 17-acre Tract.

6.

The plaintiff, Fingerlake Estates Corporation, Inc., is the sole, one-hundred percent owner of the 128-acre Tract and the 2-acre Tract.

7.

The 5-acre Tract is not owned by any of the plaintiffs and is not at issue in this lawsuit.

8.

An aerial photograph depicting the approximate boundaries of the plaintiffs' land is attached as **Exhibit A**. The approximate boundaries of the tracts described above are outlined in black (collectively, the "plaintiffs' land").

9.

The plaintiffs' land, including the subsurface, is contaminated and damaged as a result of the wrongful acts and omissions attributable to the defendants. As described in more detail below, these wrongful acts and omissions occurred during the various work activities associated with two brine pipelines that run through a portion of the plaintiffs' land in the vicinity of the former location of the Brimstone railroad track.

10.

To the best of the plaintiffs' knowledge at this time, Eagle owns and operates one 16-inch pipeline and one 10-inch pipeline that traverse the plaintiffs' land (collectively, the "Pipelines"). The approximate location of the Pipelines is shown in red on **Exhibit A**.

11.

The Pipelines were installed pursuant to two servitude agreements more specifically described as follows:  (i) an Agreement by and between The Union Sulphur Company, Inc. and Southern Alkali Corporation, dated September 3, 1946, and recorded in the public records of Calcasieu Parish at Conveyance Book 403, Page 39, Entry No. 343857; and (ii) a Right of Way Agreement by and between Allied Chemical Corporation and Pittsburgh Plate Glass Company, dated December 22, 1965, and recorded in the public records of Calcasieu Parish at Conveyance Book 958, Page 109, Entry No. 1026737 (the "1965 Servitude Agreement") (collectively, the "Servitude Agreements").

12.

Under the terms of the 1965 Servitude Agreement, the predecessor in interest to Axiall and/or Eagle agreed, *inter alia*, that it would maintain the 16-inch pipeline "in good repair," and that it would be liable "for any and all damages caused during the construction and operation" of the 16-inch pipeline.

13.

The Pipelines were operated for several decades by the predecessors in interest to Axiall and/or Eagle.

14.

The Servitude Agreements remain in force today and are currently owned by Eagle.

15.

Both of the Pipelines run in a generally west to east direction from the Sulphur salt mines to the Eagle plant located in Westlake, Louisiana.

16.

To the best of the plaintiffs' knowledge at this time, Eagle owns no significant assets other than the Westlake plant and its associated facilities (*e.g.*, the pipelines), and therefore most (if not all) of Eagle's employees and officers work in and around that plant.

17.

Further, upon information and belief, Eagle's business activities are primarily directed, controlled, and conducted in Louisiana.

18.

The Pipelines traversing the plaintiffs' land transport brine—an aqueous solution of highly concentrated salt—which is used by Eagle at its Westlake plant to produce chlorine. Eagle, in turn, uses the chlorine to manufacture vinyl chloride monomer and other chlorinated ethylene products, or sells the chlorine to third parties for a profit.

19.

According to the former owner and operator of the pipelines, PPG Industries, Inc. ("PPG"), approximately *5.2 tons of brine per minute* flow through the Pipelines from the Sulphur salt mines to the Westlake plant now owned by Eagle.

20.

Although PPG is the former owner and operator of the Pipelines, PPG spun off its former commodity chemical business (which included the Pipelines and the Westlake plant).  The spin-off company then merged with Georgia Gulf, Axiall's predecessor company.  This separation and merger transaction was completed in January of 2013.

21.

According to PPG's 2013 annual report, under the terms of the merger agreement, "PPG transferred environmental remediation liabilities . . . related to [its former] commodity chemical business to Axiall."

22.

Thus, as a result of the separation and merger involving PPG, Axiall assumed liability for the environmental damage and contamination at issue in this lawsuit that occurred during the time that the predecessors in interest to Axiall and/or Eagle (including, but not limited to, PPG) operated the Pipelines.

23.

The Pipelines have leaked brine and other hazardous or toxic substances onto and under the plaintiffs' land—all in violation of the continuing duties owed to the servient estate by

Axiall, Eagle, and/or their predecessors in interest as the current and former owners and operators of the Pipelines and associated Servitude Agreements.

24.

The releases of these toxic substances from the Pipelines was caused by the fault and negligence of the defendants, including, but not limited to, the negligent operation, maintenance, repair, and monitoring of the Pipelines, valves, and other equipment used in connection with the Pipelines.

25.

Upon information and belief, the released brine has seeped and leached into the subsurface soils and groundwater beneath the plaintiffs' land.  This migration is ongoing and continues to cause further damage to the plaintiffs' land.

26.

The brine released onto and under the plaintiffs' land from the Pipelines is highly toxic in nature.

27.

The preliminary environmental investigation conducted on behalf of the plaintiffs shows that the surface and subsurface soils in the vicinity of the Pipelines are contaminated with brine and other hazardous and toxic substances that have been transmitted through the Pipelines over the years.

28.

Although the plaintiffs only recently became aware of the damage to their land caused by the leaking Pipelines, these leaks were apparently not an isolated incident.

29.

According to records obtained from the Louisiana Department of Environmental Quality ("DEQ"), Axiall, Eagle, and/or their predecessor reported that the two brine Pipelines leaked at least 14 times during 2012 and 2013 alone.

30.

Although Axiall, Eagle, and its predecessor publicly reported only about 14 leaks from the Pipelines during this time, that number is extremely misleading.  The plaintiffs recently learned in 2015, through the course of discovery in another lawsuit involving the same Pipelines,

that Axiall, Eagle, and/or its predecessor documented in their own internal records that the *Pipelines leaked several hundred times* between 2012 and 2014, including confirmed leaks on the plaintiffs' land.

31.

In fact, unbeknownst to the plaintiffs until 2015, these leaks became such a frequent occurrence that DEQ had an in-person meeting with various employees of Axiall and/or Eagle in April of 2013. The sole purpose of this meeting was to "discuss [the] on-going issues (leaks, repairs, etc.)" with the two brine Pipelines.

32.

Axiall, Eagle, and/or their predecessor represented to DEQ each time they reported a leak from the Pipelines that they had remediated all of the soils that had been contaminated as a result of the brine release. However, based on the preliminary environmental investigation conducted on behalf of the plaintiffs, those representations were false.

33.

Each time Axiall, Eagle, and/or their predecessor reported a leak from the Pipelines, they also represented to DEQ that the release "was not preventable," because it was caused by internal corrosion of the Pipelines. Those representations were also false.

34.

To the best of the plaintiffs' knowledge at this time, Sun performed all or a substantial part of the maintenance, inspection, and repair of the Pipelines on behalf of Axiall, Eagle, and/or its predecessor between 2012 and February of 2014, including the task of repairing any damage caused as a result of these numerous brine releases.

35.

Upon information and belief, Sun, Axiall, Eagle, and/or its predecessor knew that the plaintiffs' land, including the surface and subsurface soils and possibly the groundwater, had been damaged and contaminated by these releases.

36.

At all relevant times between 2012 and February of 2014, Sun not only failed to remedy the damage caused by these releases, but it also failed to take reasonable steps to prevent future leaks as well as further and additional damage to the plaintiffs' land.

37.

In any event, the meeting with DEQ in April of 2013 to discuss the repeated brine leaks obviously did nothing to change Eagle's practices and procedures with respect to the Pipelines.

38.

On or around February 14, 2015—more than two years *after* the meeting with DEQ—one or both of the Pipelines ruptured yet again, which caused brine to spew onto and under the plaintiffs' land and neighboring lands.

39.

This pipeline rupture was significant.  It caused brine to spew approximately 60 feet into the air.  In fact, the spewing brine blew out a transformer mounted on an electrical pole located in the vicinity of the Pipelines.  The blow out of the transformer, in turn, left some of the plaintiffs without power at their home for several days.

40.

Axiall and/or Eagle subsequently reported to DEQ that the brine spewed from the Pipeline(s) for approximately 90 minutes and that this incident caused the release of approximately *22,500 gallons of brine* onto and under the plaintiffs' land and neighboring lands. A copy of Axiall's report of this incident is attached as **Exhibit B**.

41.

Axiall and/or Eagle thereafter hired Turner to repair the leaking Pipeline(s) and to remedy any damage caused as a result of this brine release.  Turner not only failed to remedy the damage caused by this release, but it also failed to take reasonable steps to prevent future leaks as well as further and additional damage to the plaintiffs' land.

42.

Upon information and belief, Axiall, Eagle, and Turner knew that the plaintiffs' land, including the surface and subsurface soils and possibly the groundwater, had been damaged and contaminated by this release.

43.

Despite this, Axiall, Eagle, and Turner have done nothing to clean-up or remediate the plaintiffs' land as a result of this release on or about February 14, 2015.

44.

This was not the only release from the Pipelines around this same time.  Indeed, Axiall and/or Eagle reported to DEQ that this incident involving the plaintiffs' land was only *one of twelve* leaks or releases from the Pipelines during a *two-day period* between 8:00 am on February 13, 2015, and 8:00 am on February 15, 2015.

45.

To the best of the plaintiffs' knowledge at this time, Turner performed all or a substantial part of the maintenance, inspection, and repair of the Pipelines on behalf of Axiall and/or Eagle between February of 2014 and the present, including the task of repairing any damage caused as a result of all brine releases from the Pipelines during this time.

46.

Upon information and belief, Turner, Axiall, and/or Eagle knew that the plaintiffs' land, including the surface and subsurface soils and possibly the groundwater, had been damaged and contaminated by several releases during this time.

47.

At all relevant times between February of 2014 and the present, Turner not only failed to remedy the damage caused by these releases, but it also failed to take reasonable steps to prevent future leaks as well as further and additional damage to the plaintiffs' land.

48.

Unbeknownst to the plaintiffs until recently, because of the repeated and uncontrolled releases of brine from the Pipelines, DEQ was ultimately forced to issue a compliance order compelling Eagle to proceed with a project to replace the "broken/faulty" Pipelines with a brand new pipeline.  A copy of that compliance order—which summarizes at least some of the repeated leaks from the Pipelines—is attached as **Exhibit C**.

49.

To the best of the plaintiffs' knowledge at this time, the defendants have failed to take any affirmative steps to warn the owners of the other pipelines that traverse the former location of the Brimstone railroad track about the repeated and uncontrolled releases of brine from the Pipelines, or that the structural integrity of their Pipelines could be in danger as a result of the corrosive nature of the released brine.

50.

The defendants are legally responsible for any and all compensatory damages associated with the damage to and contamination of the plaintiffs' land.  More specifically, the damage to the land is actionable as a tort, a breach of contract, a failure to operate prudently, a failure to maintain *garde* or control of the harmful byproducts of operations, a failure to observe the obligations of neighborhood or other servitudes, and a failure to obey any laws under which the plaintiffs are a third-party beneficiary to contracts between the defendants and others.  The plaintiffs expressly reserve and do not waive any cause of action to which they may be entitled and seek to assert any and all causes of action permitted under the facts alleged.

51.

The damage to the plaintiffs' land includes, but is not necessarily limited to, deposits of brine, chlorides, and other hazardous and toxic substances found in the brine transported through the Pipelines, as well as the damage caused to the other pipelines in the vicinity of the Pipelines as a result of the corrosive nature of the released brine.

52.

At all pertinent times, the defendants knew or should have known that the materials transported through the Pipelines were hazardous and toxic and had to be controlled and managed with all deliberate care to avoid unnecessary risk and danger to the public health, safety, and welfare.  Thus, in addition to compensatory damages, the plaintiffs are entitled to exemplary damages under Louisiana Civil Code article 2315.3 for the defendants' disregard of public safety in the handling, storage, and transportation of hazardous and toxic materials at any time between 1984 and 1996.

53.

Indeed, it has been well-known for many decades that brine is highly corrosive, and that brine rapidly corrodes any metals or alloys.  For this reason, special precautions must be taken any time brine is transported through pipelines, including, but not limited to, extensive preventative maintenance, monitoring, and repair operations.

54.

The defendants ignored the decades of industry literature warning about the corrosive effects of brine and failed to undertake the necessary preventative maintenance, monitoring, and repair operations to ensure that the Pipelines maintained their structural integrity.

55.

The damage described above was caused by multiple failures on the part of the defendants, including, but not limited to, the following:  (i) the defendants' failure to obey the applicable terms of contracts and agreements governing their operations on the plaintiffs' land; (ii) the defendants' failure to exercise adequate care in conducting their operations and in controlling the brine and other toxic and hazardous substances running through the Pipelines; (iii) the defendants' failure to heed industry warnings about the corrosive effects of brine; (iv) the defendants' failure to utilize standard operating practices and procedures that would have eliminated or avoided the damage to the plaintiffs' land; (v) the defendants' failure to inform the plaintiffs or their predecessors that damage was occurring and had occurred to the land, so that they could take steps to address the damage and prevent it from becoming worse; (vi) the defendants' failure to conduct proper maintenance, repairs, and monitoring of or on the Pipelines; (vii) the defendants' failure to promptly locate, delineate, and remove all contamination caused by the leaking Pipelines; and (viii) the defendants' failure to promptly replace all or portions of the Pipelines after they experienced numerous brine leaks.

56.

The defendants not only failed to inform the plaintiffs about the damage to their land, but, in fact, may have acted in ways to conceal it from the plaintiffs.

57.

As lay individuals, the plaintiffs are not sophisticated about pipeline operations or environmental matters, and thus they could not be expected to discover or have any understanding of the defendants' failures or how those failures might have caused or contributed to the damage to their land.  Moreover, the plaintiffs are not required to assume from the mere fact that there were pipeline operations on their land that there has been actionable contamination or damage.

58.

For these reasons, the plaintiffs did not know, and could not reasonably be expected to know, that they had a legal claim against the defendants until less than a year before the filing of this lawsuit.  In fact, the plaintiffs learned for the first time that their land had been contaminated by one or both of the Pipelines when they received the results of the preliminary environmental investigation conducted on their behalf in February of 2015.

59.

The deposit of contamination and foreign materials on and under the plaintiffs' land, and the defendants' failure to remove those materials, constitutes a continuing trespass.

60.

The defendants' actions have created an ongoing and damaging nuisance to the plaintiffs and their land, which continues to this date.

61.

In addition, the defendants' failure to restore the plaintiffs' land constitutes a continuing breach of duties imposed by tort law, contract law, and the Servitude Agreements.

62.

The measure of compensatory damages is the amount necessary to put the plaintiffs in the position they would have been in had the defendants not breached the legal duties they owed to the plaintiffs.

63.

As a matter of law, these damages include, but are not limited to, any and all costs involved in restoring the plaintiffs' land to the condition it was in before the defendants damaged it, any and all damages associated with the loss of use of the land as a result of the contamination, attorneys' fees, and any other damages permitted by law.

64.

The defendants are solidarily liable with each other and their predecessors and successors in title for all express and implied obligations related to the restoration of the plaintiffs' land.

65.

The measure of exemplary damages under Louisiana Civil Code article 2315.3 is the amount necessary to make an example of the defendants' bad conduct, and thus deter the

defendants and others who are similarly situated from engaging in conduct like this in similar instances in the future.  The determination of that amount necessarily involves an examination of the defendants' financial condition.

66.

The defendants' conduct also violates the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), particularly that part enrolled at La. R.S. 51:1401, *et seq.*

67.

The defendants' conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious.  These offensive acts and omissions include, but are not limited to, the following:  (i) the defendants' failure to inform the plaintiffs of the damage they were causing to their land; (ii) their willful ignorance of the decades of industry literature warning about the corrosive effects of brine; (iii) their failure to promptly locate, delineate, and remove all contamination caused by the leaking Pipelines; (iv) their failure to promptly replace all or portions of the Pipelines after experiencing numerous brine leaks; (v) their false representations to DEQ related to the numerous brine leaks; and (vi) their failure to inform the owners of the other pipelines that traverse the former location of the Brimstone railroad track about the repeated and uncontrolled releases of brine from the Pipelines.

68.

Under the provisions of LUTPA, the plaintiffs are entitled to recover their attorneys' fees and costs in bringing this lawsuit.

69.

On information and belief, none of the obligations that the plaintiffs seek to enforce has been discharged by bankruptcy or other debtor relief proceedings.

ACCORDINGLY, the plaintiffs herein, KENNETH PAUL LYONS, HELEN JEAN SCHUMACHER LYONS, LYONS FAMILY TRUST, DOROTHY LYONS BELILE, PHILLIP M. LYONS, SR., MARIE ELDER LYONS, ROBERT CHARLES BABCOCK, DEBORAH MCLEMORE BABCOCK, and FINGERLAKE ESTATES CORPORATION, INC., respectfully pray that:

I.     The defendants named herein be duly cited and served with a certified copy of this petition and be made to respond in the manner and form required by law;

II.     After due proceedings, there be judgment herein in favor of the plaintiffs and against all defendants, *in solido,* for any and all compensatory and exemplary damages allowed by law; and

III.    They be granted such additional relief as the law, evidence, and equity warrant and this Court is competent to grant, including all costs of these proceedings.

Respectfully submitted, this 11th day of March, 2015.

J. Michael Veron (#7570)
Jere Jay Bice (#18793)
J. Rock Palermo III (#21793)
Alonzo P. Wilson (#13547)
Jamie B. Bice (#22412)
Turner D. Brumby (#33519)
Ashley E. Philen (#32185)
VERON, BICE, PALERMO & WILSON, L.L.C.
721 Kirby Street, 70601
P.O. Box 2125
Lake Charles, LA 70602-2125
(337) 310-1600
Fax:  (337) 310-1601

Eulis Simien, Jr. (#12077)
Jimmy Simien (#1598)
SIMIEN & SIMIEN, L.L.C.
7908 Wrenwood Boulevard
Baton Rouge, LA 70809
(225) 925-1411
Fax:  (225) 932-9286

***Counsel for Plaintiffs***

**SERVICE INSTRUCTIONS:**

Please see paragraph 1, above,
for the named defendants and
service instructions.


Please serve the defendants with a
copy of the Petition for Damages and
Plaintiffs' First Set of Interrogatories and
Requests for Production of Documents.

# VERON
# BICE
# PALERMO &
# WILSON, LLC

March 11, 2015

### ATTORNEYS AT LAW

J. MICHAEL VERON
JERE JAY BICE*
J. ROCK PALERMO III*
ALONZO P. WILSON
JAMIE B. BICE
MICHAEL G. HODGKINS
TURNER D. BRUMBY✝

OF COUNSEL
ASHLEY E. PHILEN

*CERTIFIED MEDIATORS
✝ALSO LICENSED IN GEORGIA

721 KIRBY STREET (70601)
POST OFFICE BOX 2125
LAKE CHARLES, LA 70602.2125

TELEPHONE  (337) 310-1600
FACSIMILE   (337) 310-1601
TOLL FREE   (877) 300-8680

WEBSITE:
www.veronbice.com

EMAIL:
info@veronbice.com

Honorable H. Lynn Jones
Clerk of Court
Calcasieu Parish
Lake Charles, LA 70601

   Re: Kenneth Paul Lyons, Helen Jean Schumacher Lyons,
     Lyons Family Trust, Dorothy Lyons Belile,
     Phillip M. Lyons, Sr., Marie Elder Lyons,
     Robert Charles Babcock, Deborah McLemore Babcock,
     and Fingerlake Estates Corporate, Inc.
     Vs. Axiall Corporation, Georgia Gulf Corporation,
     Georgia Gulf Lake Charles, LLC, Sun, L.L.C.,
     Turner Industries Group, L.L.C., and Eagle US 2, LLC

Dear Mr. Jones:

   Please find enclosed a Petition for Damages and Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendants to be filed on behalf of petitioners. Also enclosed with the originals are copies for service on the defendants as well as for conforming and returning to me in our runner's box.

   Further enclosed is our firm check in the amount of $806.00 representing the cost to file the above-referenced pleadings.

      Very truly yours,

      TURNER D. BRUMBY

TDB:mmc
Enclosures

OFFICE OF CLERK OF COURT
2015 MAR 11 PM 3: 26



FILED  3.11.15

Deputy Clerk of Court
Calcasieu Parish, Louisiana

2015 MAR 11  PM 3:27
CALCASIEU PARISH, LOUISIANA
OFFICE OF CLERK OF COURT



EXHIBIT
A
tabbies

FILED

_Lou Baulu_

Deputy Clerk of Court
Calcasieu Parish, Louisiana

02/27/2015  13:51 FAX                    JONES WALKER                    ☑003/010

2015 MAR 11  PM 3:27
OFFICE OF CLERK OF COURT



**Axiall Corporation**
Lake Charles Complex
PO Box 1000
Lake Charles, Louisiana 70602

Paula D. McCain
Compliance Team Leader
Chlor-Alkali, Power & Shipping

February 20, 2015

Right to Know
Louisiana State Police
Hazardous Materials
P O Box 66168
Baton Rouge LA 70896

Ref: Incident numbers: 15-00592 & 15-00598
    EAGLE US 2 LLC (Subsidiary of Axiall Corporation)

To Whom it may concern:

In accordance with provisions of Section 10111 of the Hazardous Materials Information
Development, Preparedness, and Response Rule, enclosed is the written follow-up
report of releases of Brine (sodium chloride solution) that occurred over a two day time
span beginning the morning of February 13, 2015 and ending on the morning of
February 15, 2015.

If you have any questions or comments regarding these incidents, please call me at
(337)708-4688.

Respectfully,

_Paula D McCain_

Paula D. McCain

Enclosures (2)
CERTIFIED LETTER/RETURN RECEIPT REQUESTED

cc:    Dick Gremillion – LEPC, Calcasieu

**EXHIBIT**

**B**

02/27/2015 13:52 FAX                    JONES WALKER                         ☒ 004/010

## Uniform Hazardous Materials Reporting Form

Incident# 15-00598

☐ Courtesy Call  ☑ Reportable

Parish: ☑ Calcasieu

| Notified: | Occurred: | Secured: |
|---|---|---|
| Date: 2/14/2015 | Date: 2/14/2015 | Date: 2/14/2015 |
| Time: 08:25 AM | Time: 08:00 PM | Time: 09:30 PM |

Caller's Name: Raymond Malveaux

Caller's Employer: Axiall Corporation

Caller's Phone#: 337-708-4340

Incident Location: 1300 PPG Drive Westlake, LA 70669

|  | City | Range | Township | Section |
|---|---|---|---|---|
| Company: EAGLE US 2 LLC (subsidiary of Axiall Corporation)  PO Box 1000  Lake Charles, LA 70602 | | | | |
| Name | | Address | | City |

Chemical Involved: Brine            Qty# 224 550 lbs  RQ# 1000 lbs

Hazard Class: N/A     ID# N/A        ☐ EHS        ☐ Solid ☒ Liquid ☐ Gas

Did material go offsite? ☒ Yes  ☐ No   Released to: ☐ Land ☒ Water ☐ Air

Any off-site protective action? ☐ Yes  ☒ No   ☐ Road Closure  ☐ Shelter ☐ Evacuation

Wind Direction: S

Wind Speed: 2                          Fire: ☐ Yes ☒ No

Temperature: 58                        Injuries: ☐ Yes ☒ No

Precipitation: None                    Fatalities: ☐ Yes ☒ No

Other Agencies Notified: LEPC

Details of the Release or Incident:

Multiple brine leaks on our 16" Sulphur line occurred over a two day time span beginning at 8:00 AM on 2/13/15 and ending at 8:00 AM on 2/15/15. Eleven of the twelve releases remained on Axiall property, resulting in no offsite impact. The release which occurred on 02/14/15 at 08:00 PM near the 500 block of Kim Street resulted in a reportable spill. Upon discovery, the line was immediately shut down, repaired, leak checked, and placed back into service. All impacted soil will be remediated and disposed of according to agency regulations. Free liquids from the multiple spills were recovered and returned to the process. No injuries resulted from this incident.

 **Axiall Corporation**
1300 PPG Drive
Lake Charles, LA 70602

## Chemical Release Report

Release Time  02/14/2015   08:00:00 PM

Chemical  Raw Brine

| | |
|---|---|
| The release stream contains liquid aqueous brine | 26% solution (315 g/L) |
| Volume of 26% NaCl solution released to the area | (250 gpm for 90 min) = 22 500 gal |
| Pounds of material released | 22 500 gal (9.98 lb/gal) = 224 550 lbs. |

Total amount released to the ground: approximately **224 550 lbs.**



**Axiall Corporation**
Lake Charles Complex
PO Box 1000
Lake Charles, Louisiana 70602

Paula D. McCain
Compliance Team Leader
Chlor-Alkali, Power, & Shipping
Lake Charles Complex

February 20, 2015

Louisiana Department of Environmental Quality
Office of Environmental Compliance
Emergency and Radiological Services Division, SPOC
Post Office Box 4312
Baton Rouge, LA 70821-4312
"UNAUTHORIZED DISCHARGE NOTIFICATION REPORT"

Re:  Brine Releases 02/13/2015 – 02/15/2015
     EAGLE US 2 LLC (subsidiary of Axiall Corporation) AI#8990

To SPOC:

In accordance with the provisions of LAC 33:I.3925, enclosed is the written follow-up
report of releases of Raw Brine (Sodium Chloride Solution) that occurred over a two day
time span beginning on the morning of February 13, 2015 and ending on the morning of
February 15, 2015.

If you have any questions concerning these incidents, please contact Paula D. McCain at
337-708-4688.

Respectfully,

*Paula D. McCain*

Paula D. McCain

Attachment
cc:  Billy Eakin - DEQ, Lake Charles

CERTIFIED MAIL/RETURN RECEIPT REQUESTED

02/27/2015 13:53 FAX                    JONES WALKER                          ☑ 007/010

# UNAUTHORIZED DISCHARGE NOTIFICATION REPORT

1.  **Company Name:**
    Eagle US 2 LLC (subsidiary of Axiall Corporation)

    **Physical Location:**      Sulphur Brine Field
    **St. or P. O. Box:**       P. O. BOX 1000
    **City, State, & Zip Code:** Lake Charles, LA 70602
    **Telephone Number:**       337-708- 4688
    **Agency Interest No.:**    8990

2.  **Officials and agencies Notified**

| Agency | Date & Time | Incident# | Agency Contact | Type | Axiall Contact |
|--------|-------------|-----------|----------------|------|----------------|
| LSP | 02/13/15 12:35 PM | 15-00592 | Monroe | Report | R. Malveaux |
| LEPC | 02/13/15 12:44 PM | N/A | Evella | Report | R. Malveaux |
| LSP | 02/14/15 08:25 AM | 15-00598 | Hasten | Report | R. Malveaux |
| LEPC | 02/14/15 08:36 AM | N/A | Samantha | Report | R. Malveaux |
| LEPC | 02/14/15 9:25 PM | N/A | April | Report | R. DeRoche |

☑ Insert item

**3. Give the date and time the release began and duration of release:**
Axiall became aware of multiple brine leaks on the 16 inch brine line beginning at 8:00 am on 2/13/15 and ending on 02/15/15 at 8:00 AM. The duration of each of the leaks was approximately 15 minutes, with the exception of one, with a duration of approximately 90 minutes.

**4. Details of the circumstances:**
Axiall detected twelve brine leaks over a two day time span beginning at 8:00 AM on 2/13/15 and ending at 8:00 AM on 2/15/15. The leaks were discovered through pipeline inspections and through loss of flow through the system.

**5. Emission point source(s) or Outfall involved?**
N/A

**6. Applicable permit # and the current permitted limit (lb./hr) for the pollutant(s) released from the emission point source involved.**
N/A

7. **The common or scientific chemical name of each specific pollutant that was released as the result of an unauthorized discharge, including the CAS number and US DOT Hazard Classification, and the best estimate of amounts of any or all released pollutants: (include calculations)**

Raw brine is an aqueous solution of sodium chloride (CAS# 7647-14-5). Raw brine does not have a DOT hazard class. Based upon the amount of material recovered and duration calculations, the total amount spilled was estimated to be approximately
   520 000 pounds.

8. **Specific remedial actions taken to stop unauthorized discharge:**
With each discovery, the line was immediately shut down, depressurized, repaired, leak checked, and placed back into service.

9. **Procedure or measures to prevent recurrence:**
Portions of the brine pipeline are scheduled to be replaced.

10. **Quantity and disposition of recovered materials.  Disposition of contaminated media.**

All impacted soil will be remediated and disposed of according to agency regulations. Free liquids were recovered and returned to the process.

**Was the release to the air ☐ or ground ☑ ? If checked yes to ground, please complete question #11. If checked only to air, then proceed to question #12.**

11.  **As per requirements of LAC 33:I.1305.C.4., the spill will be remediated as soon as practicable.**

12. **Reporting party's status:**
Owner/operator

13.  **Discharges to the ground shall include any information of which the reporting party is aware that indicates pollutants are migrating including monitoring well data, possible routes of migrations, and all information regarding any public or private wells in the area of the migration used for drinking, stock watering, or irrigation:**
Eagle US 2 LLC is not aware of any impact to groundwater related to this incident.

**14. Names of all other responsible parties of which the reporting party is aware:**
None

**15. Was the release preventable? If no, explain why the release was not preventable. Was the release caused by an upset? If so explain.**
The release was not preventable.  The cause is internal corrosion and could not have been anticipated.

**16. Extent of Injuries, if any:**
None.

**17. Regulation notification requirement(s)?**

☑ LAC 33:I.3917 Notification Requirements for Unauthorized Discharges
☐ LAC 33:III.5107B Air Toxics Discharge Reporting Requirements

02/27/2015 13:54 FAX                    JONES WALKER                          ☑010/010



**Axiall Corporation**
1300 PPG Drive
Lake Charles, LA 70602

**Chemical Release Report**

Release Time/Location Summarized Below:

| Date and time that Axiall became aware of the release | Location of the release | Total Volume (gal) | Total (lbs) |
|---|---|---|---|
| 1)   02/13/15 08:00 AM | 300 yds East of Smith St. | | |
| 2)   02/13/15 01:30 PM | 800 yds west of Landry St. | | |
| 3)   02/13/15 03:15 PM | 600 yds west of Landry St. | | |
| 4)   02/13/15 04:00 PM | 500 yds west of Landry St. | | |
| 5)   02/14/15 08:00 AM | 850 yds West of Landry St. | | |
| 6)   02/14/15 09:30 AM | Behind Barcelona | | |
| 7)   02/14/15 11:00 AM | 150 yds east of Clopheus | | |
| 8)   02/14/15 12:00 PM | 100 yds east of Evergreen | | |
| 9)   02/14/15 01:15 PM | 150 yds east of Hwy 27 | | |
| 10) 02/14/15 04:00 PM | 550 yds west of Landry St. | | |
| 11) 02/15/15 08:00 AM | 200 yds east of Kim St. | 29 616 | |
| 12) 02/14/15 08:00 PM | 10 yds east of Kim St. | 22 500 | |
| | **Total** | 52 116 | 520 000 |

Chemical   Raw Brine

The release stream contains liquid aqueous brine   26% solution (315 g/L)
Volume of 26% NaCl solution recovered from areas 1-11   29 616 gal
Volume of 26% NaCl solution at area 12   (250 gpm for 90 min) = 22 500 gal
Total Volume Released   52 116 gal
Pounds of material released   52 116 gal (9.98 lb/gal) = 520 118 lbs.

Total amount released to the ground: approximately **520 000 lbs.**

FILED  3.11.15

Deputy Clerk of Court
Calcasieu Parish, Louisiana



**BOBBY JINDAL**
GOVERNOR

**PEGGY M. HATCH**
SECRETARY

# State of Louisiana
## DEPARTMENT OF ENVIRONMENTAL QUALITY
### OFFICE OF ENVIRONMENTAL COMPLIANCE

May 2, 2014

CERTIFIED MAIL (7004 2510 0006 3852 8700)
RETURN RECEIPT REQUESTED

**EAGLE US 2 LLC**
c/o Corporation Service Company
Agent for Service of Process
320 Somerulos Street
Baton Rouge, LA 70802-6129

2015 MAR 11  PM 3: 27

OFFICE OF CLERK OF COURT

RE:   **CONSOLIDATED COMPLIANCE ORDER
& NOTICE OF POTENTIAL PENALTY
ENFORCEMENT TRACKING NO. WE-CN-13-00537
AGENCY INTEREST NOs. 1255, 8989, and 8990**

Dear Sir/Madam:

Pursuant to the Louisiana Environmental Quality Act (La. R.S. 30:2001, et seq.), the attached **CONSOLIDATED COMPLIANCE ORDER & NOTICE OF POTENTIAL PENALTY** is hereby served on **EAGLE US 2 LLC (RESPONDENT)** for the violations described therein.

Compliance is expected within the maximum time period established by each part of the **COMPLIANCE ORDER**. The violations cited in the **CONSOLIDATED COMPLIANCE ORDER & NOTICE OF POTENTIAL PENALTY** could result in the issuance of a civil penalty or other appropriate legal actions.

Any questions concerning this action should be directed to Scott B. Pierce at (225) 219-3723.

Sincerely,

Celena J. Cage
Administrator
Enforcement Division

CJC/SBP/sbp
Alt ID Nos. LA0000761, LAG480545, LAG480546
Attachment

**EXHIBIT**
**C**

e-copy:      James Mergist – LDNR/Office of Conservation/Pipeline Division

                 Stephen Lee – LDNR/Office of Conservation/Injection & Mining Division

STATE OF LOUISIANA
DEPARTMENT OF ENVIRONMENTAL QUALITY

OFFICE OF ENVIRONMENTAL COMPLIANCE

| | | |
|---|---|---|
| IN THE MATTER OF | * | |
| | * | |
| EAGLE US 2 LLC | * | ENFORCEMENT TRACKING NO. |
| CALCASIEU PARISH | * | |
| ALT ID NOs. LA0000761, LAG480545, | * | WE-CN-13-00537 |
| LAG480546 | * | |
| | * | AGENCY INTEREST NOs. |
| PROCEEDINGS UNDER THE LOUISIANA | * | |
| ENVIRONMENTAL QUALITY ACT, | * | 1255, 8989, 8990 |
| La. R.S. 30:2001, ET SEQ. | * | |

CONSOLIDATED

COMPLIANCE ORDER & NOTICE OF POTENTIAL PENALTY

The following **CONSOLIDATED COMPLIANCE ORDER & NOTICE OF POTENTIAL PENALTY** is issued to **EAGLE US 2 LLC (RESPONDENT)** by the Louisiana Department of Environmental Quality (the Department), under the authority granted by the Louisiana Environmental Quality Act (the Act), La. R.S. 30:2001, et seq., and particularly by La. R.S. 30:2025(C), 30:2050.2 and 30:2050.3(B).

FINDINGS OF FACT

I.

The Respondent owns and/or operates an organic/inorganic chemical production facility within the Lake Charles Complex (LCC) located at 1300 PPG Drive in Westlake, Calcasieu Parish, Louisiana. The Respondent also owns and/or operates two brine mining facilities known as the Starks facility located at 1043 Highway 109 in Starks, Calcasieu Parish, Louisiana; and the Sulphur facility located at 2190 West Burton Street in Sulphur, Calcasieu Parish, Louisiana. LPDES Permit LA0000761 for the Lake Charles Complex, LPDES Permit LAG480545 for the Starks brine facility, and LPDES Permit LAG480546 for the Sulphur brine facility were effectively transferred from PPG Industries, Inc. to the Respondent on January 28, 2013. The Department's approval for the permit transfers, in part, was upon the Respondent's agreement to assume responsibility for the LPDES permits including any prior violations of the permit and/or

water quality regulations by PPG Industries, Inc.  LPDES Permit LA0000761 was effective on October 1, 2007, and expired on December 24, 2013, but is administratively continued. Both LPDES Permit LAG480545 and LPDES Permit LAG480546 were issued effective on January 23, 2006, then reissued effective on September 30, 2011, and will expire on November 30, 2015. Under the terms and condition of LPDES Permit LA0000761, the Respondent is authorized to discharge process wastewater and other various wastewaters from multiple outfalls into Bayou D'Inde, the Calcasieu Ship Channel, Bayou Verdine, or the Main Stem of the Calcasieu River, all waters of the state. Under the terms and condition of LPDES Permit LAG480545, the Respondent is authorized to discharge treated sanitary wastewater and storm water runoff to local drainage, thence to Gum Creek, thence to the Sabine River, all waters of the state. Under the terms and condition of LPDES Permit LAG480546, the Respondent is authorized to discharge treated sanitary wastewater and storm water runoff to local drainage, thence to Bayou D'Inde, all waters of the state.

II.

Inspections on April 27, 2011 (followed up on May 18, 2011), and November 29, 2012, and a subsequent file review on March 27, 2014, conducted by the Department for the Respondent's facility at the Lake Charles Complex [Agency Interest (AI) No. 1255] revealed the following permit limitation exceedances, as reported by the Respondent on Discharge Monitoring Reports (DMRs) and Noncompliance Reports (NCRs):

| Date | Outfall | Parameter | Permit Limit | Sample Value |
|------|---------|-----------|--------------|--------------|
| April 2009 | 201A | Tetrachloroethylene monthly avg | 0.81 lb/d | 3.92 lb/d |
| | | Tetrachloroethylene daily max | 2.54 lb/d | 19.62 lb/d |
| | | 1,1,1-Trichloroethane monthly avg | 0.34 lb/d | 5.66 lb/d |
| | | 1,1,1-Trichloroethane daily max | 0.91 lb/d | 28.30 lb/d |
| | | Trichloroethylene monthly avg | 0.40 lb/d | 3.34 lb/d |
| | | Trichloroethylene daily max | 1.07 lb/d | 16.69 lb/d |
| October 2009 | 101A | TSS daily max | 4,277 lb/d | 4,620 lb/d |
| May 2010 | 101A | TSS daily max | 4,277 lb/d | 4,794 lb/d |
| | 201A | TSS monthly avg | 4,678 lb/d | 4,873 lb/d |
| January 2011 | 001A | pH range excursion, > 60 minutes monthly total | 0 #/mo | 1 #/mo |
| March 2011 | 004A | pH range excursion, > 60 minutes monthly total | 0 #/mo | 1 #/mo |
| April 2011 | 001A | pH range excursion, > 60 minutes monthly total | 0 #/mo | 1 #/mo |

| Date | Outfall | Parameter | Permit Limit | Sample Value |
|------|---------|-----------|--------------|--------------|
| June 2011 | 101A | Total Mercury daily max | 0.33 lb/d | 0.47 lb/d |
| October 2011 | 101A | TSS daily max | 4,277 lb/d | 6,307 lb/d |
| March 2012 | 002A | pH max | 9.0 s.u. | 9.71 s.u. |
|  | 101A | Total Mercury daily max | 0.33 lb/d | 0.44 lb/d |
| January 2013 | 004A | Oil and Grease daily max | 15 mg/L | 113 mg/L |
|  | 201A | Total Zinc daily max | 36.53 lb/d | 208.32 lb/d |
| May 2013 | 001A | pH range excursion, > 60 minutes monthly total | 0 #/mo | 1 #/mo |
| November 2013 | 001A | BOD daily max | 18,579 lb/d | 22,580 lb/d |
| December 2013 | 002A | pH max | 9.0 s.u. | 9.2 s.u. |
| February 2014 | 001A | pH range excursion, > 60 minutes monthly total | 0 #/mo | 1 #/mo |

Each exceedance of an effluent limitation is a violation of LPDES permit LA0000761 (Part I and Part III, Section A.2), La. R.S. 30:2076(A)(3), and LAC 33:IX.501.A.

III.

A file review conducted by the Department on March 27, 2014, for the Respondent's Starks brine facility (AI No. 8989) revealed the following:

A. The following permit limitation exceedances, were reported by the Respondent on Discharge Monitoring Reports (DMRs) and Noncompliance Reports (NCRs):

| Date | Outfall | Parameter | Permit Limit | Sample Value |
|------|---------|-----------|--------------|--------------|
| 2nd half 2012 | 001 | TSS monthly avg | 30 mg/L | 64 mg/L |
|  |  | TSS daily max | 45 mg/L | 64 mg/L |
|  |  | pH max | 9.0 s.u. | 9.57 s.u. |
| 1st half 2013 | 001 | pH min | 6.0 s.u. | 2.9 s.u. |

Each exceedance of an effluent limitation is a violation of LPDES permit LAG480545 (Part I, Section B and Part III, Section A.2), La. R.S. 30:2076(A)(3), and LAC 33:IX.501.A.

B. The Respondent failed to submit DMRs as required by the permit. Specifically, the Respondent failed to submit DMRs for the 2nd semiannual monitoring periods of 2009 and 2010. Each failure to submit a DMR is a violation of LPDES permit LAG480545 (Part I, Section C.7 and Part III, Sections A.2 and D.4), La. R.S. 30:2076 (A) (3), and LAC 33:IX.2701.L.4.a.

IV.

A file review conducted by the Department on March 27, 2014, for the Respondent's Sulphur brine facility (AI No. 8990) revealed the following:

A. The following permit limitation exceedances, were reported by the Respondent on Discharge Monitoring Reports (DMRs) and Noncompliance Reports (NCRs):

| Date | Outfall | Parameter | Permit Limit | Sample Value |
|------|---------|-----------|--------------|--------------|
| 2nd half 2012 | 01A | TSS monthly avg | 30 mg/L | 182 mg/L |
| | | TSS daily max | 45 mg/L | 182 mg/L |
| | | Fecal coliform monthly avg | 200 col/100 mL | >200 col/100 mL |

Each exceedance of an effluent limitation is a violation of LPDES permit LAG480546 (Part I, Section B and Part III, Section A.2), La. R.S. 30:2076(A)(3), and LAC 33:IX.501.A.

B. The Respondent failed to submit DMRs as required by the permit. Specifically, the Respondent failed to submit DMRs for the 2nd semiannual monitoring periods of 2009 and 2010. Each failure to submit a DMR is a violation of LPDES permit LAG480546 (Part I, Section C.7 and Part III, Sections A.2 and D.4), La. R.S. 30:2076 (A) (3), and LAC 33:IX.2701.L.4.a.

V.

Inspections on April 27, 2011 (followed up on May 18, 2011), and November 29, 2012, and a subsequent file review on March 27, 2014, conducted by the Department revealed that the Respondent caused and/or allowed an unauthorized discharge to waters of the state at the facilities associated with AI Nos. 1255 and 8990. Specifically, releases of brine from broken/faulty pipelines at the following locations entered waters of the state:

| Date | Location | Gallons |
|------|----------|---------|
| 6/25/09 | At LCC facility, transfer line | 7,650 |
| 3/6/13 | 10" line, underwater at on-site fresh water pond, at Sulphur facility (pond drained and material recovered; pond refilled with fresh water) | 120,000 |

The file review revealed that the Respondent reported the above incidents in a timely manner, and promptly cleaned up, removed, and remediated affected areas. Each unauthorized discharge to waters of the state is a violation of LPDES Permit LA0000761 (Part I, and Part III, Section A.2), La.R.S. 30:2076(A)(1)(a), and LAC 33:IX.501.C.

4

## V.

Inspections on April 27, 2011 (followed up on May 18, 2011), November 29, 2012, and February 16, 2014, and a subsequent file review on March 27, 2014, conducted by the Department revealed that the Respondent experienced releases of brine to the ground from broken/faulty pipelines at the following locations:

| Date | Location | Gallons |
|------|----------|---------|
| 6/23/09 | At LCC facility, near North Liquification Unit, underground line | 1,000 |
| 7/29/09 | At LCC facility, transfer line | 1,480 |
| 8/20/09 | 10" line at Sulphur facility | 2,459 |
| 11/2/09 | 16" line at Sulphur facility | 31,300 |
| 11/9/09 | 16" line at Sulphur facility | 3,440 |
| 11/19/09 | 16" line at Sulphur facility | 470 |
| 2/18/10 | 16" line at Sulphur facility | ~90 |
| 2/20/10 | 16" line at Sulphur facility | 2,870 |
| 8/17/10 | 16" line at Sulphur facility | ~4,367 |
| 4/13/11 | two releases from 10" line at Sulphur facility | ~727 |
| 8/25/11 | 16" line at Sulphur facility | ~4,498 |
| 11/16/11 | two releases at Sulphur facility: one from 10" line & one from 16" line | ~886 |
| 1/30/12 | 10" line at Sulphur facility | ~900 |
| 5/22/12 | Brine line wash water released within containment area at Sulphur facility; tank being used to hold brine wash water during pigging of 16" line | ~3,023 |
| 7/2/2012 | 10" line at Sulphur facility | ~300 |
| 8/16/12 | 10" line at Sulphur facility | ~7,500 |
| 9/18 - 9/20/12 | Four releases from 16" line at Sulphur facility | ~9,000 |
| 10/22/12 | Four releases from 10" line at Sulphur facility | ~4,700 |
| 12/1/12 | Sulphur facility pipeline | ~130 |
| 1/30/13 | two releases from Sulphur facility pipeline | ~240 |
| 2/1/13 | 16" line at Sulphur facility | ~190 |
| 2/14 - 2/15/13 | Three releases at Sulphur facility: two from 16" line & one from 10" line | ~830 |
| 3/10/13 | 10" line at Sulphur facility | ~5,000 |
| 4/10/13 | 16" line at Starks facility | ~3,000 |
| 6/4/13 | Sulphur facility pipeline | ~230 |
| 8/2/13 | 10" line at Sulphur facility | ~1,203 |
| 9/9 - 9/10/13 | two releases at Sulphur facility: one from 10" line & one from 16" line | ~2,466 |

| Date | Location | Gallons |
|------|----------|---------|
| 2/16/14 | pipeline at Sulphur facility | 36,000 |

The file review revealed that the Respondent reported the above incidents in a timely manner, and promptly cleaned up, removed, and remediated affected soils.

## VI.

Inspections on April 27, 2011 (followed up on May 18, 2011), November 29, 2012, and February 24, 2014, and a subsequent file review on March 27, 2014, conducted by the Department revealed unauthorized discharges of pollutants to waters of the state from a source or location not authorized by the permit associated with AI No. 1255. Specifically, the Respondent allowed and/or caused the following unauthorized discharges to waters of the state:

| Date | Substance Released | Amount | Cause | Discharge Route |
|------|--------------------|--------|-------|-----------------|
| 4/14/09 | NaOH | 3,599 lbs. | pipeline leak | Plant ditch to PPG canal through Outfall 001 |
| 7/6/09 | Oil | ~100 gals. | Overfilled oil/water separator during heavy rain | Gate 15 drainage ditch |
| 2/6/11 | NaOH | 45,200 lbs. (37,200 lbs. recovered) | transfer line rupture | Through Outfall 001 |
| 3/30/11 | NaOH | 61,500 lbs. (15,000 lbs. contained) | railcar loading rack overfill | Through Outfall 004 |
| 3/29/12 | $H_2SO_4$ | 1,625 lbs. | fork lift accident, tote spill | Nearby drainage ditch (ditch blocked off downstream) |
| 4/21/12 | NaOH | 27,368 lbs. (small amount unrecovered) | valve bonnet leak | PPG Canal through Outfall 001 |
| 5/12/12 | Oil | Unknown (oil sheen visible) | Oil/water separator | Main outfall canal near I-210 bridge |
| 2/19/13 | NaOH | 2,500 lbs. | tank failure | Through process wastewater sewers |
| 5/9/13 | HCL | Unknown | Underground pipe leak | Ground, then to ditch 025, then to 401 ditch |
| 2/19/14 | NaOH | 8,980 lbs. | Improper valve alignment at process equipment | Through process wastewater sewers |

The file review revealed that the Respondent reported the above incidents in a timely manner, and promptly cleaned up, removed, and remediated affected area. Each unauthorized discharge to waters of the state is a violation of LPDES Permit LA0000761 (Part I, and Part III, Section A.2), La.R.S. 30:2076(A)(1)(a), and LAC 33:IX.501.D.

6

VII.

An inspection on February 24, 2014, and a subsequent file review on March 27, 2014, conducted by the Department revealed that the Respondent failed to adequately implement the Storm Water Pollution Prevention Plan (SWPPP) associated with AI No. 1255. Specifically, the Respondent failed to adequately implement the SWPPP as follows:

| Date | Substance Released to Ground | Amount | Failed SWPPP implementation |
|------|------------------------------|--------|------------------------------|
| 10/2/09 | NaOH | 194,756 lbs. | Bleed valve left open during loading operations |
| 5/25/10 | Oil | 50 gals. | Release from failed seal on the oil pump for the North Dock refrigeration unit escaped containment. |
| 6/22/12 | Diesel | 104 gals. | 300-gal tank removed from containment area by forklift while being used as a temporary mobile storage tank for diesel spilled contents during forklift accident. |
| 9/22-9/23/13 | NaOH | 3,104 lbs. | Leak from storage tank. Tank now out of service. |
| 12/19/13 | NaOH | 7,834 lbs. | New valve replaced on caustic transfer header left open |
| 2/19/14 | NaOH | 9,819 lbs. | Improper valve alignment at process equipment |

The file review revealed that the Respondent reported the above incidents in a timely manner, and promptly cleaned up, removed, and remediated affected areas. Each failure to adequately implement the SWPPP is a violation of LPDES Permit LA0000761 (Part II, Section V.5.g and Part III, Section A.2), La. R.S. 30:2076 (A) (3), and LAC 33:IX.2701.A

VII.

A file review conducted by the Department on March 27, 2014, revealed that the Respondent allowed and/or caused an unauthorized discharge associated with AI No. 1255, which caused an adverse impact to aquatic biota. Specifically, according to the Respondent, on April 6, 2011, an unauthorized discharge of chlorine into the process sewer during the Plant C Chlorine tower start-up resulted in four (4) dead redfish being observed in the facility discharge canal the following day; and on July 18, 2011, the discharge of high temperature water into the Powerhouse "C" ditch from an overflow of the condensate tanks, which received excess heated water for the congeneration process caused the death of ninety-seven (97) redfish, sixty-six (66) black drum, and thirteen (13) blue crabs. Each unauthorized discharge is a violation of LPDES Permit LA0000761 (Part I, and Part III, Section A.2), La.R.S. 30:2076(A)(1)(a), and LAC 33:IX.501.C. This destruction of aquatic biota is a violation of La. R.S. 30:2076 (A)(3), LAC 33:IX.501.A, LAC 33:IX.1113.B.1.d, LAC 33:IX.1113.B.5, and LAC 33:IX.2701.A.

7

## COMPLIANCE ORDER

Based on the foregoing, the Respondent is **hereby ordered**:

I.

To take, immediately upon receipt of this **COMPLIANCE ORDER**, any and all steps necessary to meet and maintain compliance with the Water Quality Regulations and the permit limitations and conditions contained in LPDES permit LA0000761 including, but not limited to, ceasing all unauthorized discharges and adequately implementing the SWPPP.

II.

The Respondent shall accomplish the following tasks and comply with the following schedule of activities associated with the LCC-Sulphur Brine pipeline replacement project referenced in the Respondent's letter dated August 30, 2013, and updated on February 10, 2014:

| Milestone | Completion Date |
|---|---|
| Preliminary Engineering/Obtain Funding | Completed |
| Qualify/Obtain Engineering Bids | Completed |
| Complete Right-of-way Surveying | May 31, 2014 |
| Complete Final Engineering | August 31, 2014 |
| Obtain Environmental Permits | August 31, 2014 |
| Obtain State and Local Permits | October 31, 2014 |
| Secure Right-of-way Easements | October 31, 2014 |
| Procure Equipment | April 30, 2015 |
| Complete Construction | November 30, 2015 |
| Commission Pipeline | December 31, 2015 |

The Respondent shall submit construction progress reports following each calendar quarter until the completion of the aforementioned proposed improvements. The Respondent shall submit progress reports no later than thirty (30) days following the end of the calendar quarter. The first progress report is due April 30, 2014. Within fifteen (15) days of any completion date specified in the schedule above, the Respondent shall submit a certification of compliance or non-compliance with that activity. If the Respondent reports non-compliance with a scheduled event, the certification shall include a discussion of the cause of the delay, an anticipated date of completion and a discussion of any impairment of a subsequent due date.

8

IV.

To submit to the Enforcement Division, within thirty (30) days after receipt of this **COMPLIANCE ORDER**, a written report that includes a detailed description of the circumstances surrounding the cited violations and actions taken or to be taken to achieve compliance with the Order Portion of this **COMPLIANCE ORDER**. This report and all other reports or information required to be submitted to the Enforcement Division by this **COMPLIANCE ORDER** shall be submitted to:

>Office of Environmental Compliance
>Post Office Box 4312
>Baton Rouge, Louisiana 70821-4312
>**Attn:  Scott B. Pierce**
>**Re:     Enforcement Tracking No. WE-CN-13-00537**
>**         Agency Interest Nos. 1255, 8989, 8990**

**THE RESPONDENT SHALL FURTHER BE ON NOTICE THAT:**

I.

The Respondent has a right to an adjudicatory hearing on a disputed issue of material fact or of law arising from this **COMPLIANCE ORDER**. This right may be exercised by filing a written request with the Secretary no later than thirty (30) days after receipt of this **COMPLIANCE ORDER**.

II.

The request for an adjudicatory hearing shall specify the provisions of the **COMPLIANCE ORDER** on which the hearing is requested and shall briefly describe the basis for the request. This request should reference the Enforcement Tracking Number and Agency Interest Number, which are located in the upper right-hand corner of the first page of this document and should be directed to the following:

>Department of Environmental Quality
>Office of the Secretary
>Post Office Box 4302
>Baton Rouge, Louisiana  70821-4302
>**Attn:  Hearings Clerk, Legal Division**
>**Re:     Enforcement Tracking No. WE-CN-13-00537**
>**         Agency Interest Nos. 1255, 8989, 8990**

### III.

Upon the Respondent's timely filing a request for a hearing, a hearing on the disputed issue of material fact or of law regarding this **COMPLIANCE ORDER** may be scheduled by the Secretary of the Department. The hearing shall be governed by the Act, the Administrative Procedure Act (La. R.S. 49:950, et seq.), and the Department's Rules of Procedure. The Department may amend or supplement this **COMPLIANCE ORDER** prior to the hearing, after providing sufficient notice and an opportunity for the preparation of a defense for the hearing.

### IV.

This **COMPLIANCE ORDER** shall become a final enforcement action unless the request for hearing is timely filed. Failure to timely request a hearing constitutes a waiver of the Respondent's right to a hearing on a disputed issue of material fact or of law under Section 2050.4 of the Act for the violation(s) described herein.

### V.

The Respondent's failure to request a hearing or to file an appeal or the Respondent's withdrawal of a request for hearing on this **COMPLIANCE ORDER** shall not preclude the Respondent from contesting the findings of facts in any subsequent penalty action addressing the same violation(s), although the Respondent is estopped from objecting to this **COMPLIANCE ORDER** becoming a permanent part of its compliance history.

### VI.

Civil penalties of not more than twenty-seven thousand five hundred dollars ($27,500) for each day of violation for the violation(s) described herein may be assessed. For violations which occurred on August 15, 2004, or after, civil penalties of not more than thirty-two thousand five hundred dollars ($32,500) may be assessed for each day of violation. The Respondent's failure or refusal to comply with this **COMPLIANCE ORDER** and the provisions herein will subject the Respondent to possible enforcement procedures under La. R.S. 30:2025, which could result in the assessment of a civil penalty in an amount of not more than fifty thousand dollars ($50,000) for each day of continued violation or noncompliance.

### VII.

For each violation described herein, the Department reserves the right to seek civil penalties in any manner allowed by law, and nothing herein shall be construed to preclude the right to seek such penalties.

## NOTICE OF POTENTIAL PENALTY

### I.

Pursuant to La. R.S. 30:2050.3(B), you are hereby notified that the issuance of a penalty assessment is being considered for the violation(s) described herein. Written comments may be filed regarding the violation(s) and the contemplated penalty. If you elect to submit comments, it is requested that they be submitted within ten (10) days of receipt of this notice.

### II.

Prior to the issuance of additional appropriate enforcement action(s), you may request a meeting with the Department to present any mitigating circumstances concerning the violation(s). If you would like to have such a meeting, please contact Scott B. Pierce at (225) 219-3723 within ten (10) days of receipt of this **NOTICE OF POTENTIAL PENALTY**.

### III.

The Department is required by La. R.S. 30:2025(E)(3)(a) to consider the gross revenues of the Respondent and the monetary benefits of noncompliance to determine whether a penalty will be assessed and the amount of such penalty. Please forward the Respondent's most current annual gross revenue statement along with a statement of the monetary benefits of noncompliance for the cited violation(s) to the above named contact person within ten (10) days of receipt of this **NOTICE OF POTENTIAL PENALTY**. Include with your statement of monetary benefits the method(s) you utilized to arrive at the sum. If you assert that no monetary benefits have been gained, you are to fully justify that statement.

### IV.

This **CONSOLIDATED COMPLIANCE ORDER & NOTICE OF POTENTIAL PENALTY** is effective upon receipt.

Baton Rouge, Louisiana, this _02_ day of _____May_____, 2014.

_____

Cheryl Sonnier Nolan
Assistant Secretary
Office of Environmental Compliance

11

Copies of a request for a hearing and/or related correspondence should be sent to:

Louisiana Department of Environmental Quality
Office of Environmental Compliance
Enforcement Division
P.O. Box 4312
Baton Rouge, LA  70821-4312
Attention:  Scott B. Pierce

12

**LOUISIANA CIVIL CASE REPORTING**
Civil case Cover Sheet - LA. R.S. 13:4688 and
Part G, §13, Louisiana Supreme Court General Administrative Rules

*Deputy Clerk of Court*
*Calcasieu Parish, Louisiana*

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**   KENNETH PAUL LYONS, HELEN JEAN SCHUMACHER LYONS,
LYONS FAMILY TRUST, DOROTHY LYONS BELILE, PHILIP M. LYONS, SR.,
MARIE ELDER LYONS, ROBERT CHARLES BABCOCK, DEBORAH McLEMORE BABCOCK, AND
FINGERLAKE ESTATES CORPORATION, INC.

vs.

AXIALL CORPORATION, GEORGIA GULF CORPORATION,
GEORGIA GULF LAKE CHARLES, LLC, SUN, L.L.C, TURNER INDUSTRIES GROUP, L.L.C.,
AND EAGLE US 2, LLC

**Court:** 14TH JUDICIAL DISTRICT          **Docket Number:** 2015 - 1008 E

**Parish of Filing:** CALCASIEU          **Filing Date:**   3/11/15

**Name of Lead Petitioner's Attorney:**   J. ROCK PALERMO III

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 9          **Number of named defendants:** 6

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

| | |
|---|---|
| __Auto: Personal Injury | __Auto: Property Damage |
| __Auto: Wrongful Death | __Auto: Uninsured Motorist |
| __Asbestos: Property Damage | __Asbestos: Personal Injury/Death |
| __Product Liability | __Premise Liability |
| __Intentional Bodily Injury | __Intentional Property Damage |
| __Intentional Wrongful Death | __Unfair Business Practice |
| __Business Tort | __Fraud |
| __Defamation | __Professional Negligence |
| X Environmental Tort | __Medical Malpractice |
| __Intellectual Property | __Toxic Tort |
| __Legal Malpractice | __Other Tort (describe below) |
| __Other Professional Malpractice | __Redhibition |
| __Maritime | __Class action (nature of case) |
| __Wrongful Death | X Environmental breach of contract/servitude |
| __General Negligence | |

**Please briefly describe the nature of the litigation on one sentence of additional detail:**
_____
_____

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name      **J. ROCK PALERMO III**          Signature _____

Address   **P.O. BOX 2125, LAKE CHARLES, LA 70602**

Phone number **337-310-1600**          E-mail address  **rock@veronbice.com**

KENNETH PAUL LYONS, HELEN JEAN
SCHUMACHER LYONS, LYONS FAMILY
TRUST, DOROTHY LYONS BELILE,
PHILLIP M. LYONS, SR., MARIE ELDER
LYONS, ROBERT CHARLES BABCOCK,
DEBORAH MCLEMORE BABCOCK, and
FINGERLAKE ESTATES CORPORATION,
INC.

        Plaintiffs,

v.

AXIALL CORPORATION,
GEORGIA GULF CORPORATION,
GEORGIA GULF LAKE CHARLES, LLC,
SUN, L.L.C., TURNER INDUSTRIES
GROUP, L.L.C., and EAGLE US 2, LLC

        Defendants.

Filed: _____ **MAR 1 1 2015** _____

14TH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF CALCASIEU

CASE NO. 2015 - 1008 E

2015 MAR 11 PM 3:26
OFFICE OF CLERK OF COURT

_____
Deputy Clerk

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

TO THE DEFENDANTS NAMED IN THIS LAWSUIT:

The plaintiffs, through undersigned counsel, request that each of the defendants answer

under oath in accordance with article 1457, *et seq.*, of the Louisiana Code of Civil Procedure, the

interrogatories and requests for production of documents set forth below (collectively, the

"Requests," each a "Request"). In responding to the Requests, the plaintiffs request that the

defendants furnish all information that is available within their possession, custody, or control

(*including, but not limited to, all electronically stored information*), and answer separately and

fully in writing each Request under oath, unless it is objected to, in which case the reasons for

the objection(s) shall be stated in lieu of an answer. The answers to these Requests are to be

signed by the person making them, and the objections are to be signed by the attorney making

them.

These Requests are to be regarded as continuing in nature. If your answer to any Request

materially changes after the time answers are served, you are to supplement your answer to

reflect the change.  Please take notice that the answers to these Requests must be served upon the attorneys for the plaintiffs within thirty (30) days after the service of these Requests.

## INSTRUCTIONS

The following instructions are applicable throughout these Requests and are incorporated into each specific Request:

1.    These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party, the defendant, as well as its agents, representatives, and (unless privileged) attorneys and accountants.

2.    No part of a Request should be left unanswered merely because an objection is interposed to another part of the Request.  If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

3.    All objections shall be set forth with specificity and shall include a brief statement of the grounds for each objection.

4.    Each Request shall be read to be inclusive rather than exclusive.

5.    If, in answering these Requests, you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

6.    If any response is withheld based on a claim of privilege or any other protection, then set forth with respect to each such response, or part thereof, facts of sufficient specificity to permit the Court to determine whether the claim of privilege or other ground for withholding a response is valid, including each and every fact or basis for such claim or privilege or other ground for not responding.

7.    In responding to these Requests, you are to make a diligent search of your records and of all other papers, materials, and electronically stored information in your possession or available to you or your representatives or other associated persons.

8.    All electronically stored information responsive to these Requests shall be produced in its native format and shall include all metadata.

## DEFINITIONS

For purposes of these Requests, the following definitions shall apply:

1.      "You" or "your" means all defendants answering these Requests and, in the case of a corporation, partnership, limited liability company, or other incorporated entity, its present or former officers, employees, agents, representatives, attorneys, investigators, or any other person acting on its behalf. "You" or "your" also includes any affiliate companies, subsidiaries, parent companies, successors in interest, or predecessors in interest, and their respective present or former officers, employees, agents, representatives, attorneys, investigators, and all other persons acting on their behalf.

2.      "Refer," "relate," "reflect," "regard," "concern," or "pertain" means refer to, relate to, reflect, pertain to, embody, touch on, discuss, mention, support, contradict, modify, or in any way whatsoever concern the subject.

3.      "All" shall be deemed to include and encompass the words "each" and "all." The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the Request inclusive rather than exclusive.

4.      The past tense shall be construed to include the present tense, and vice versa, to make the Request inclusive rather than exclusive.

5.      Terms in the singular shall be deemed to include the plural, and terms in the plural shall be deemed to include the singular.

6.      "Property" means that certain immovable property described in paragraphs 3 through 8 of the plaintiffs' Petition for Damages filed in this lawsuit.

7.      "Document" means each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in your possession, custody, or control, including, but not limited to, all printed and electronic copies (including metadata) of electronic mail ("e-mail"), text messages, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, audits, financial reviews, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, calendars, transparencies,

recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, pamphlets, or any written or recorded materials of any other kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

8.     "Waste" and "waste product" shall have the meanings ascribed to them under La. R.S. 30:3.

9.     "Person" means any individual, firm, joint venture, partnership, association, corporation or other legal, business, or governmental entity.

10.    The terms "identify," "identity of," or "identification," when referring to an individual, means to state his or her full name, address, employer, and employment title.  When referring to a document, it means to state the date and author of the document (or to state alternative means of identifying the document) and to give the document's current location and the name and address of its custodian.  However, if a document or documents in your possession contain the information sought by these Requests, you may produce the document in lieu of answering the interrogatory, provided that the requirements of article 1460 of the Louisiana Code of Civil Procedure are satisfied.

11.    "Facility" or "facilities" is defined as ***any*** equipment or structure that is or ever was owned, operated, managed, repaired, or maintained by you (whether in whole or in part) on the Property, including, but not limited to, any pipelines and all associated flow lines, valves, meters, equipment, etc.

12.    The "Pipelines" means the two brine pipelines that traverse the Property, which are more particularly described in paragraphs 9 and 10 of the plaintiffs' Petition for Damages filed in this lawsuit.

13.    "Concerning" means referring, relating, reflecting, supporting, contradicting, or pertaining, directly or indirectly in any way, to all or any part of a specified subject matter or document.

**INTERROGATORY NO. 1:**

Please identify all facilities located on the Property. Your response should include, without limitation, the specific location of each facility and the relevant time period during which you owned, operated, managed, repaired, or maintained the facility.

**INTERROGATORY NO. 2:**

Please identify the individual or individuals in your company most knowledgeable about the facilities and your operations on the Property.

**INTERROGATORY NO. 3:**

Please identify each of the Pipelines, including, but not limited to, its location, size, capacity, purpose, years of operation, substances transmitted, design specifications, and all maintenance performed during the past twenty (20) years.

**INTERROGATORY NO. 4:**

Please identify the individual or individuals in your company most knowledgeable about the Pipelines.

**INTERROGATORY NO. 5:**

Please identify any pipelines other than the Pipelines that are or ever were owned, operated, managed, repaired, or maintained by you (whether in whole or in part) on or within one (1) mile of the Property. For each pipeline, your response should include, but not be limited to, its location, size, capacity, purpose, years of operation, substances transmitted, design specifications, and all maintenance performed during the past twenty (20) years.

**INTERROGATORY NO. 6:**

Please identify all contracts, right of ways, servitudes, or other agreements that you contend grant you the authority to install, maintain, and/or operate the Pipelines on the Property.

**INTERROGATORY NO. 7:**

Please identify each and every waste product, toxic, hazardous, or harmful substance, contaminant, or pollutant suspected or found to exist on, beneath, or near the Property, including, but not limited to, the suspected, perceived, or known time of disposal or placement of each waste product, and the known or suspected vertical and horizontal extent of the material's presence.

**INTERROGATORY NO. 8:**

Please identify the daily volumes for all products that were transmitted through the Pipelines during the past five (5) years.

**INTERROGATORY NO. 9:**

Please describe in detail all methods or procedures that are used or ever were used to determine the structural integrity of the Pipelines and/or to detect any leaks, spills, or discharges from the Pipelines. Your response should include, but not be limited to, the relevant time period during which each method or procedure was used.

**INTERROGATORY NO. 10:**

Please identify all instances during the past twenty (20) years in which there was a leak, spill, or discharge from the Pipelines. For each such instance, your response should include, without limitation, the specific time and location of the event, the substance, pollutant, or contaminant discharged, the amount or volume discharged, a brief description of the facts and circumstances related to the event, and the steps taken to remedy the leak, spill, or discharge.

**INTERROGATORY NO. 11:**

Please identify all persons that have any knowledge regarding *each* leak, spill, or discharge identified in your response to Interrogatory No. 10, above.

**INTERROGATORY NO. 12:**

Do you contend that any potential liability you may have in this case has been discharged in any bankruptcy or other debtor relief proceeding? If so, list and give full details about the proceeding in which your potential liability in this case may have been discharged.

**INTERROGATORY NO. 13:**

Please describe in detail the method or manner you used to search for and collect all documents in response to any of the plaintiffs' discovery requests in this lawsuit. Your response should include, without limitation, the person or persons who searched for any documents, the location(s) where each such person searched, the date of each such search, all search terms or key words, if any, used in each such search, and whether a log or any other document was kept reflecting the activities of the person or persons who conducted each such search.

**INTERROGATORY NO. 14:**

Do you contend that any person other than the defendants named in this lawsuit may be liable for all or any part of the claims asserted by the plaintiffs in this lawsuit?  If so, please identify such person or persons and explain in detail the basis for your contention.

**INTERROGATORY NO. 15:**

Identify all persons that you contend performed *any* work related to a leak or discharge from one or more of the Pipelines near the 500 block of Kim Street on or about February 14, 2015, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.  For each such person, your response should include his or her employer, the specific work or works performed, and the date on which each such work was performed.

**INTERROGATORY NO. 16:**

Identify all persons that you contend performed any inspection, maintenance, or repair on the Pipelines at any time between 2010 and the present.  For each such person, your response should include his or her employer, the specific work or works performed, and the date on which each such work was performed.

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents and files that relate to or contain information regarding the facilities identified in your response to Interrogatory No. 1, above.  This request includes, but is not limited to, pipeline files, field files, maintenance files, environmental surveys or assessments, industrial hygiene surveys or assessments, spill reports, documents kept or submitted pursuant to any regulatory requirement or company or industry reporting or record-keeping requirement, and any other file containing information related to the facilities.

**REQUEST FOR PRODUCTION NO. 2:**

All documents related to your response to Interrogatory No. 3, above.

**REQUEST FOR PRODUCTION NO. 3:**

All documents reflecting any pressure or flow data, including, but not limited to, all meter readings, pressure charts, or flow charts, at all points along the Pipelines at any time during the past twenty (20) years.

**REQUEST FOR PRODUCTION NO. 4:**

All documents related to any actual or potential contamination, pollution, or environmental damage to the Property.

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to the actual or proposed construction or modification of the Pipelines, including, but not limited to, any documents reflecting the following:  alignment sheets, design data, welds, as well as the location and identification of meters, breakout tanks, pump stations, scraper facilities, sphere facilities, non-fail safe facilities, overpressure safety devices, valves, cathodically protected facilities, and corrosion test stations.

**REQUEST FOR PRODUCTION NO. 6:**

All documents related to the inspection, maintenance, repair, and operation of the Pipelines during the past twenty (20) years, including, but not limited to, any documents reflecting the following:  the inspection, maintenance, and testing of cathodic protection, valves, and overpressure safety devices, pipeline repairs, pipeline leaks or breaks, pipeline patrol records, corrosion records, daily operating records, operating or control room logs, discharge pressures at pump stations, and emergency or abnormal pipeline conditions.

**REQUEST FOR PRODUCTION NO. 7:**

All documents related to the facts, circumstances, and cause(s) surrounding each leak, spill, or discharge from the Pipelines.

**REQUEST FOR PRODUCTION NO. 8:**

All documents reflecting any notice provided to, or any communications with, a state, local, or federal agency related to any leak, spill, or discharge from the Pipelines.

**REQUEST FOR PRODUCTION NO. 9:**

All documents reflecting any communications (including e-mail) related to any leak, spill, or discharge from the Pipelines.

**REQUEST FOR PRODUCTION NO. 10:**

All documents reflecting any data related to any leak, spill, or discharge from the Pipelines.

**REQUEST FOR PRODUCTION NO. 11:**

All documents reflecting any investigation or report (whether formal or informal) related to any leak, spill, or discharge from the Pipelines.

**REQUEST FOR PRODUCTION NO. 12:**

All documents reflecting any efforts to evaluate, clean up, and/or remediate the effects of any leak, spill, or discharge from the Pipelines, including, but not limited to, the results of any soil and groundwater samples.

**REQUEST FOR PRODUCTION NO. 13:**

All documents reflecting any communications (including e-mail) related to the Property, and any actual or potential contamination, pollution, or environmental damage to the same.

**REQUEST FOR PRODUCTION NO. 14:**

All documents reflecting any training materials, educational materials, guidelines, best practices, manuals, and industry standards concerning the known or potential hazards associated with brine.

**REQUEST FOR PRODUCTION NO. 15:**

All documents reflecting any research or studies conducted by you or on your behalf concerning the known or potential hazards associated with brine.

**REQUEST FOR PRODUCTION NO. 16:**

All documents reflecting any training materials, educational materials, guidelines, best practices, manuals, and industry standards concerning the chemical composition of brine.

**REQUEST FOR PRODUCTION NO. 17:**

All documents reflecting any research or studies conducted by you or on your behalf concerning the chemical composition of brine.

**REQUEST FOR PRODUCTION NO. 18:**

All documents reflecting any training materials, educational materials, guidelines, best practices, manuals, and industry standards concerning the known or potential environmental damage caused by brine.

**REQUEST FOR PRODUCTION NO. 19:**

All documents reflecting any research or studies conducted by you or on your behalf concerning the known or potential environmental damage caused by brine.

**REQUEST FOR PRODUCTION NO. 20:**

All documents reflecting any training materials, educational materials, guidelines, best practices, manuals, and industry standards concerning the known or potential corrosive effects of brine.

**REQUEST FOR PRODUCTION NO. 21:**

All documents reflecting any research or studies conducted by you or on your behalf concerning the known or potential corrosive effects of brine.

**REQUEST FOR PRODUCTION NO. 22:**

All documents reflecting any training materials, educational materials, guidelines, best practices, manuals, and industry standards concerning the remediation of soil or groundwater known or suspected to have originated from brine.

**REQUEST FOR PRODUCTION NO. 23:**

All documents reflecting any research or studies conducted by you or on your behalf concerning the remediation of soil or groundwater known or suspected to have originated from brine.

**REQUEST FOR PRODUCTION NO. 24:**

All documents related to the actual or proposed replacement of all or any portion of the Pipelines.

**REQUEST FOR PRODUCTION NO. 25:**

All documents reflecting any policies, procedures, manuals, or guidelines regarding the inspection, maintenance, repair, and operation of the Pipelines.

**REQUEST FOR PRODUCTION NO. 26:**

All maps, surveys, drawings, surface or aerial photographs, infrared maps, slides, videos, films, drawings, cross-sections, plots, graphics, or computerized images related to the Pipelines.

**REQUEST FOR PRODUCTION NO. 27:**

All documents containing budgetary allotments or projections, and allotments of time or personnel, made by you or any of your employees, contractors, or agents during the past twenty (20) years, regarding the inspection, maintenance, operation, repair, and/or replacement of all or any portion of the Pipelines.

**REQUEST FOR PRODUCTION NO. 28:**

All documents containing budgetary allotments or projections, and allotments of time or personnel, made by you or any of your employees, contractors, or agents during the past twenty (20) years, regarding the identification, detection, treatment, and/or correction of any discharge, upset, bypass, or leak from the Pipelines.

**REQUEST FOR PRODUCTION NO. 29:**

All documents pertaining to the evaluation and expenditure of the cost of constructing, maintaining, operating, monitoring, inspecting, repairing, and servicing the Pipelines, including, but not limited to, any authorizations for expenditure and capital authorization requests.

**REQUEST FOR PRODUCTION NO. 30:**

All documents received from, or created by, current or former employees, contractors, or agents regarding any actual or potential contamination, pollution, or environmental damage caused in whole or in part by the Pipelines, including, but not limited to, all responses, memoranda, communications, and e-mail you generated regarding such documents.

**REQUEST FOR PRODUCTION NO. 31:**

All documents received from, or created by, current or former landowners, residents, passersby, or other persons regarding any actual or potential contamination, pollution, or environmental damage caused in whole or in part by the Pipelines, including, but not limited to, all responses, memoranda, communications, and e-mail you generated regarding such documents.

**REQUEST FOR PRODUCTION NO. 32:**

All insurance policies now or previously in effect for any operations related to the Pipelines, including, but not limited to, any insurance policies that you contend may provide coverage for the claims asserted in this lawsuit.

**REQUEST FOR PRODUCTION NO. 33:**

All diaries, logbooks, notes, calendars, daily logs or work reports, and other similar writings related to the inspection, maintenance, repair, or operation of the Pipelines.

**REQUEST FOR PRODUCTION NO. 34:**

All access agreements, servitudes agreements, and right of way agreements related to the installation, maintenance, repair, and operation of the Pipelines on the Property.

**REQUEST FOR PRODUCTION NO. 35:**

All documents reflecting any order discharging your potential liability in this lawsuit.

**REQUEST FOR PRODUCTION NO. 36:**

All documents reflecting any communications (including e-mail) between you and the plaintiffs.

**REQUEST FOR PRODUCTION NO. 37:**

All documents reflecting any communications (including e-mail) between you and former owners of all or any part of the Property.

**REQUEST FOR PRODUCTION NO. 38:**

All assignments of interest to or from you that relate to the Pipelines.

**REQUEST FOR PRODUCTION NO. 39:**

All documents related to your acquisition or divesture of all or part of any interest in the Pipelines.

**REQUEST FOR PRODUCTION NO. 40:**

All contracts or agreements, including any amendments thereto, related to the inspection, maintenance, repair, and operation of the Pipelines for the last twenty (20) years.

**REQUEST FOR PRODUCTION NO. 41:**

All documents related to your response to Interrogatory No. 14, above.

**REQUEST FOR PRODUCTION NO. 42:**

All documents reflecting the type or volume of all substances transmitted through the Pipelines at any time.

**REQUEST FOR PRODUCTION NO. 43:**

All documents reflecting the chemical composition of all substances transmitted through the Pipelines at any time.

**REQUEST FOR PRODUCTION NO. 44:**

All documents reflecting the separation and merger transaction completed in or around January 2013, which according to Axiall Corporation's 2014 Annual Report, "resulted in our acquisition of substantially all of the assets and liabilities of PPG Industries, Inc.'s ('PPG') business relating to the production of chlorine, caustic soda and related chemicals."

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning Axiall Corporation's "acquisition of substantially all of the assets and liabilities of PPG Industries, Inc.'s ('PPG') business relating to the production of chlorine, caustic soda and related chemicals."

**REQUEST FOR PRODUCTION NO. 46:**

Produce a copy of your corporate organizational chart for the past ten (10) years.

**REQUEST FOR PRODUCTION NO. 47:**

All documents concerning your response to Interrogatory No. 15, above, including, but not limited to, those documents you reviewed or relied upon in any way in answering this interrogatory.

**REQUEST FOR PRODUCTION NO. 48:**

All documents concerning your response to Interrogatory No. 16, above, including, but not limited to, those documents you reviewed or relied upon in any way in answering this interrogatory.

**REQUEST FOR PRODUCTION NO. 49:**

All documents concerning the scope of your work related to the inspection, maintenance, repair, or operation of the Pipelines during the past twenty (20) years.

**REQUEST FOR PRODUCTION NO. 50:**

All invoices or other billing records submitted by or to you related to the inspection, maintenance, repair, or operation of the Pipelines during the past twenty (20) years.

**REQUEST FOR PRODUCTION NO. 51:**

All documents concerning any requests for proposals or bids, submitted by or to you at any time between 2010 and the present, related to the inspection, maintenance, repair, or operation of the Pipelines.

**REQUEST FOR PRODUCTION NO. 52:**

All documents reflecting any communications (including e-mail) concerning the Pipelines and involving any of the following persons:  Steve Tam, Erika Carlisle, Robert Domaingue, Jeff Doucet, Paula McCain, Raymond Malveaux, Joey Franks, Jason Campbell, Kyle Reed, Charles Marionneaux, Rocky Deroche, James Olivier, Roy Sanders, Esther Liggio,

Steve Guillory, Joanne Logston, Mike Huber, Jeff Barker, Danny Chapman, Billy Eakin, Scott Wilkinson, Kevin Natali, Matthew Todd, Mike Stevens, Celena Cage, and Cheryl Sonnier Nolan.

**REQUEST FOR PRODUCTION NO. 53:**

All documents related to a leak or discharge from one or more of the Pipelines near the 500 block of Kim Street that took place on or about February 14, 2015, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 54:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines near the 500 block of Kim Street that took place on or about February 14, 2015, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 55:**

All documents related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about January 7, 2012, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 56:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about January 7, 2012, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 57:**

All documents related to a leak or discharge from one or more of the Pipelines approximately 0.4 miles west of Brady Street that took place on or about February 26, 2012, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 58:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines approximately 0.4 miles west of Brady Street that took place on or about February 26, 2012, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 59:**

All documents related to a leak or discharge from one or more of the Pipelines approximately 0.4 miles west of Brady Street that took place on or about July 18, 2012, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 60:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines approximately 0.4 miles west of Brady Street that took place on or about July 18, 2012, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 61:**

All documents related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about July 20, 2012, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 62:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about July 20, 2012, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 63:**

All documents related to a leak or discharge from one or more of the Pipelines approximately 0.5 miles east of Kim Street that took place on or about October 8, 2012, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 64:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines approximately 0.5 miles east of Kim Street that took place on or about October 8, 2012, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 65:**

All documents related to a leak or discharge from one or more of the Pipelines approximately 0.25 miles east of Kim Street that took place on or about January 31, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 66:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines approximately 0.25 miles east of Kim Street that took place on or about January 31, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 67:**

All documents related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about February 1, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 68:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about February 1, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 69:**

All documents related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about February 16, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 70:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about February 16, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 71:**

All documents related to a leak or discharge from one or more of the Pipelines in the

vicinity of Kim Street on or about May 29, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 72:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about May 29, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 73:**

All documents related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about June 6, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 74:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about June 6, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 75:**

All documents related to a leak or discharge from one or more of the Pipelines approximately 0.5 miles east of Kim Street that took place on or about June 26, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 76:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines approximately 0.5 miles east of Kim Street that took place on or about June 26, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 77:**

All documents related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about July 1, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 78:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about July 1, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 79:**

All documents related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about October 4, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 80:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about October 4, 2013, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 81:**

All documents related to a leak or discharge from one or more of the Pipelines approximately 0.5 miles east of Kim Street that took place on or about April 21, 2014, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 82:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines approximately 0.5 miles east of Kim Street that took place on or about April 21, 2014, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 83:**

All documents related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about June 20, 2014, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 84:**

All documents reflecting any communications (including e-mail) related to a leak or

discharge from one or more of the Pipelines in the vicinity of Kim Street on or about June 20, 2014, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 85:**

All documents related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about July 4, 2014, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 86:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about July 4, 2014, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 87:**

All documents related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about September 5, 2014, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 88:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about September 5, 2014, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 89:**

All documents related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about September 6, 2014, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

**REQUEST FOR PRODUCTION NO. 90:**

All documents reflecting any communications (including e-mail) related to a leak or discharge from one or more of the Pipelines in the vicinity of Kim Street on or about September 6, 2014, including, but not limited to, any repairs, environmental assessments, or remediation arising out of this incident.

Respectfully submitted, this 11th day of March, 2015.

J. Michael Veron (#7570)
Jere Jay Bice (#18793)
J. Rock Palermo III (#21793)
Alonzo P. Wilson (#13547)
Jamie B. Bice (#22412)
Turner D. Brumby (#33519)
Ashley E. Philen (#32185)
VERON, BICE, PALERMO & WILSON, L.L.C.
721 Kirby Street, 70601
P.O. Box 2125
Lake Charles, LA 70602-2125
(337) 310-1600
Fax:  (337) 310-1601

Eulis Simien, Jr. (#12077)
Jimmy Simien (#1598)
SIMIEN & SIMIEN, L.L.C.
7908 Wrenwood Boulevard
Baton Rouge, LA 70809
(225) 925-1411
Fax:  (225) 932-9286

*Counsel for Plaintiffs*

| KENNETH PAUL LYONS | Citation | 14th Judicial District Court |
|---|---|---|

KENNETH PAUL LYONS
VS.    2015-001008
AXIALL CORPORATION



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  AXIALL CORPORATION
     THROUGH          CORPORATION
     SERVICE COMPANY
     320 SOMERULOS STREET
     BATON ROUGE, LA  70802-6129

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of KENNETH PAUL LYONS, "PETITION FOR DAMAGES" against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered March 19, 2015

*Allison Cryer*

Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____           BY:  _____
                                        Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

[ File Copy ]
CMS0085

||||||||||||||||||||||||||||||||
C  M  S  4  7  3  4  3  4  2
Filing Date: 03/19/2015 09:53 AM      Page Count: 1
Case Number: 2015-001008
Document Name: Citation

Page 1 of 1

You Are Hereby Notified - Civil



KENNETH PAUL LYONS
VS.   2015-001008
AXIALL CORPORATION

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   AXIALL CORPORATION
      THROUGH CORPORATION
      SERVICE COMPANY
      320 SOMERULOS STREET
      BATON ROUGE, LA  70802-6129

YOU ARE HEREBY NOTIFIED:
 TO COMPLY WITH THE "INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS" WITHIN THE DELAYS PROVIDED THEREIN.

ALL IN ACCORDANCE WITH THE CERTIFIED COPIES OF THE DOCUMENTS STATED ABOVE
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 11TH day of MARCH 2015.

Issued and delivered March 19, 2015

_Allison Cryer_

Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE     $_____         BY:     _____
                                        Deputy Sheriff
MILEAGE     $_____

TOTAL $_____

Party No.    P001

||| || ||| | |||| ||| || |||| ||| ||| |||
C  M  S  4  7  3  4  3  4  8
Filing Date: 03/19/2015 09:58 AM    Page Count:: 1
Case Number: 2015-001008
Document Name: You are Hereby Notified - Civil

[ File Copy ]
CMS0035                                                          Page 1 of 1

Citation



KENNETH PAUL LYONS
VS.     2015-001008
AXIALL CORPORATION

14ᵗʰ Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  GEORGIA GULF CORPORATION

THROUGH   ITS   AGENT   FOR
SERVICE: CORPORATION SERVICE
COMPANY
320 SOMERULOS STREET
BATON ROUGE, LA  70802-6129

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of KENNETH PAUL LYONS, "PETITION FOR DAMAGES" against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered March 19, 2015

_____
Allison Cryer
Deputy Clerk of Court

------------------------------------ SERVICE INFORMATION ------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____        BY:   _____
                                      Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.     P001

|| C  M  S   4   7   3   4   3   5   2 ||
Filing Date: 03/19/2015 10:01 AM     Page Count: 1
Case Number: 2015-001008
Document Name: Citation

| File Copy |
CMS0085

You Are Hereby Notified - Civil



KENNETH PAUL LYONS
VS.   2015-001008
AXIALL CORPORATION

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  GEORGIA GULF CORPORATION

THROUGH ITS AGENT FOR
SERVICE: CORPORATION SERVICE
COMPANY
320 SOMERULOS STREET
BATON ROUGE, LA  70802-6129

YOU ARE HEREBY NOTIFIED:
 TO COMPLY WITH THE "INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS" WITHIN THE DELAYS PROVIDED THEREIN.

ALL IN ACCORDANCE WITH THE CERTIFIED COPIES OF THE DOCUMENTS STATED ABOVE
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 11TH day of MARCH 2015.

Issued and delivered March 19, 2015

Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE       $_____          BY:   _____
                                          Deputy Sheriff
MILEAGE       $_____

TOTAL $_____

Party No.    P001

C  M  S   4   7   3   4   3   5   9
Filing Date: 03/19/2015 10:04 AM     Page Count: 1
Case Number: 2015-001008
Document Name: You are Hereby Notified - Civil

[ File Copy ]
CMS0035                                                              Page 1 of 1

Citation



KENNETH PAUL LYONS

VS.    2015-001008

AXIALL CORPORATION

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  GEORGIA GULF LAKE CHARLES
LLC
THROUGH ITS REGISTERED
AGENT: CORPORATION SERVICE
COMPANY
320 SOMERULOS STREET
BATON ROUGE, LA 70802-6129

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of KENNETH PAUL LYONS, "PETITION FOR DAMAGES" against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered March 19, 2015

Allison Cryer

Allison Cryer
Deputy Clerk of Court

-------------------------------------- SERVICE INFORMATION --------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE       $_____         BY:   _____
                                        Deputy Sheriff
MILEAGE       $_____

TOTAL $_____

Party No.     P001

[ File Copy ]
CMS0085

Filing Date: 03/19/2015 10:48 AM     Page Count: 1
Case Number: 2015-001008
Document Name: Citation

Page 1 of  1

You Are Hereby Notified - Civil



KENNETH PAUL LYONS
VS.   2015-001008
AXIALL CORPORATION

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   GEORGIA GULF LAKE CHARLES
LLC
THROUGH ITS REGISTERED
AGENT: CORPORATION SERVICE
COMPANY
320 SOMERULOS STREET
BATON ROUGE, LA  70802-6129

YOU ARE HEREBY NOTIFIED:
TO COMPLY WITH THE "INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS" WITHIN THE DELAYS PROVIDED THEREIN.

ALL IN ACCORDANCE WITH THE CERTIFIED COPIES OF THE DOCUMENTS STATED ABOVE
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 11TH day of MARCH 2015.

Issued and delivered March 19, 2015

_Allison Cryer_
Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____              BY:    _____
                                               Deputy Sheriff
MILEAGE        $_____

TOTAL  $_____

Party No.      P001

KENNETH PAUL LYONS
VS.    2015-001008
AXIALL CORPORATION

Citation



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

---

THE STATE OF LOUISIANA

TO:  SUN LLC
     THROUGH    ITS    REGISTERED
     AGENT: DAMON HARDESTY
     1608 NORTH HILMA STREET
     WESTLAKE, LA  70669

Parish of Calcasieu, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of KENNETH PAUL LYONS, "PETITION FOR DAMAGES" against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered March 19, 2015

*Allison Cryer*

Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____          BY:  _____
                                        Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

Filing Date: 03/19/2015 10:53 AM      Page Count: 1
Case Number: 2015-001008
Document Name: Citation
C M S 4 7 3 4 5 3 1

You Are Hereby Notified - Civil

KENNETH PAUL LYONS
VS.   2015-001008
AXIALL CORPORATION



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   SUN LLC
      THROUGH ITS REGISTERED
      AGENT: DAMON HARDESTY
      1608 NORTH HILMA STREET
      WESTLAKE, LA 70669

YOU ARE HEREBY NOTIFIED:
 TO COMPLY WITH THE "INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS" WITHIN THE DELAYS PROVIDED THEREIN.

ALL IN ACCORDANCE WITH THE CERTIFIED COPIES OF THE DOCUMENTS STATED ABOVE
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 11TH day of MARCH 2015.

Issued and delivered March 19, 2015

_____
Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____        BY:   _____
                                        Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.    P001

| File Copy |
CMS0035

C  M  S  4  7  3  4  5  3  9      Page Count:: 1
Filing Date: 03/19/2015 10:54 AM
Case Number: 2015-001008
Document Name: You are Hereby Notified - Civil

Page 1 of 1

KENNETH PAUL LYONS
VS.    2015-001008
AXIALL CORPORATION

Citation



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  TURNER INDUSTRIES GROUP LLC

THROUGH   ITS   REGISTERED
AGENT JOHN H FENNER III
8687 UNITED PLAZA BOULEVARD
BATON ROUGE, LA  70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of KENNETH PAUL LYONS, "PETITION FOR DAMAGES" against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered March 19, 2015

_____
Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE     $_____          BY:    _____
                                          Deputy Sheriff
MILEAGE     $_____

TOTAL $_____

Party No.    P001

Filing Date: 03/19/2015 10:58 AM    Page Count: 1
C   M   S   4   7   3   4   5   5
Case Number: 2015-001008
Document Name: Citation

[ File Copy ]
CMS0085                                                                                          Page 1 of  1

You Are Hereby Notified - Civil



KENNETH PAUL LYONS
VS.   2015-001008
AXIALL CORPORATION

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  TURNER INDUSTRIES GROUP LLC

THROUGH ITS REGISTERED
AGENT JOHN H FENNER III
8687 UNITED PLAZA BOULEVARD
BATON ROUGE, LA  70809

YOU ARE HEREBY NOTIFIED:
TO COMPLY WITH THE "INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS" WITHIN THE DELAYS PROVIDED THEREIN.

ALL IN ACCORDANCE WITH THE CERTIFIED COPIES OF THE DOCUMENTS STATED ABOVE
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 11TH day of MARCH 2015.

Issued and delivered March 19, 2015

Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____                   BY:  _____
                                                    Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.    P001

{ File Copy }
CMS0035

Citation



KENNETH PAUL LYONS
VS.    2015-001008
AXIALL CORPORATION

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  EAGLE US 2 LLC
     THROUGH    ITS    REGISTERED
     AGENT    CT    CORPORATION
     SYSTEM
     5615   CORPORATE   BOULEVARD
     SUITE 400B
     BATON ROUGE, LA  70808

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of KENNETH PAUL LYONS, "PETITION FOR DAMAGES" against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered March 19, 2015

_Allison Cryer_

Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____         BY:  _____
MILEAGE      $_____              Deputy Sheriff

TOTAL $_____

Party No.    P001

[ File Copy ]
CMS0085

Page 1 of 1

You Are Hereby Notified - Civil



KENNETH PAUL LYONS
VS.   2015-001008
AXIALL CORPORATION

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   EAGLE US 2 LLC
      THROUGH ITS REGISTERED
      AGENT CT CORPORATION
      SYSTEM
      5615 CORPORATE BOULEVARD
      SUITE 400B
      BATON ROUGE, LA  70808

YOU ARE HEREBY NOTIFIED:
 TO COMPLY WITH THE "INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS" WITHIN THE DELAYS PROVIDED THEREIN.

ALL IN ACCORDANCE WITH THE CERTIFIED COPIES OF THE DOCUMENTS STATED ABOVE
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 11TH day of MARCH 2015.

Issued and delivered March 19, 2015

_____
Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____        BY:   _____
                                       Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

Filing Date: 03/19/2015 11:06 AM     Page Count:: 1
Case Number: 2015-001008
Document Name: You are Hereby Notified - Civil

| File Copy |
CMS0035

Page 1 of 1

KENNETH PAUL LYONS
VS. 2015-001008
AXIALL CORPORATION

Citation



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO: SUN LLC
THROUGH ITS REGISTERED
AGENT: DAMON HARDESTY
1608 NORTH HILMA STREET
WESTLAKE, LA 70669

FILED MAR 2 3 2015
*Michelle Benoit*
Deputy Clerk of Court
Calcasieu Parish, Louisiana

Parish of Calcasieu, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of KENNETH PAUL LYONS, "PETITION FOR DAMAGES" against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered March 19, 2015

*Allison Cryer*
Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _19_ day of _March_ 20_15_, and on the _19_ day of _March_ 20_15_, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _Amanda Hardesty (wife)_, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _Calcasieu_ this _19_ day of _March_ 20_15_

SERVICE         $_____            BY: _Roxann Baumgarten_
                                            Deputy Sheriff
MILEAGE         $_____15            _2:00 P.M._

TOTAL $ _5560_

Party No.   P001

SCANNED
MAR 2 4 2015

2015 MAR 19 AM 11:51
CALCASIEU PARISH, LA.

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
C M S 4 7 3 4 5 3 1
Filing Date: 03/19/2015 10:53 AM    Page Count: 1
Case Number: 2015-001008
Document Name: Citation

[ Original Copy ]
CMS0085

Page 1 of 1

You Are Hereby Notified - Civil

KENNETH PAUL LYONS
VS.   2015-001008
AXIALL CORPORATION



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   SUN LLC
      THROUGH ITS REGISTERED
      AGENT: DAMON HARDESTY
      1608 NORTH HILMA STREET
      WESTLAKE, LA 70669

MAR 2 3 2015
FILED
*Michelle Benoit*
Deputy Clerk of Court
Calcasieu Parish, Louisiana

YOU ARE HEREBY NOTIFIED:
TO COMPLY WITH THE "INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS" WITHIN THE DELAYS PROVIDED THEREIN.

ALL IN ACCORDANCE WITH THE CERTIFIED COPIES OF THE DOCUMENTS STATED ABOVE
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 11TH day of MARCH 2015.

Issued and delivered March 19, 2015

*Allison Cryer*
Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _19_ day of _March_ 20_15_, and on the _19_ day of _March_ 20_15_, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _Amanda Hardesty (wife)_, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _Calcasieu_ this _19_ day of _March_ 20_15_

SERVICE      $_____      BY:   _Raeann Baumgarten_
                                    Deputy Sheriff
MILEAGE      $_____/5              _2:00 P.M._

TOTAL $_____

Party No.   P001

2015 MAR 19 AM 11:51
CALCASIEU PARISH, LA.
TONY MANCUSO

SCANNED
MAR 24 2015



C M S 4 7 3 4 5 3 9
Filing Date: 03/19/2015 10:54 AM        Page Count:: 1
Case Number: 2015-001008
Document Name: You are Hereby Notified - Civil

[ Original Copy ]
CMS0035

Page 1 of 1

You Are Hereby Notified - Civil



KENNETH PAUL LYONS
VS.   2015-001008
AXIALL CORPORATION

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   GEORGIA GULF CORPORATION

FILED **APR 1 5 2015**

Emily Hinton

Deputy Clerk of Court
Calcasieu Parish, Louisiana

THROUGH ITS AGENT FOR
SERVICE: CORPORATION SERVICE
COMPANY
320 SOMERULOS STREET
BATON ROUGE, LA  70802-6129

YOU ARE HEREBY NOTIFIED:
 TO COMPLY WITH THE "INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS" WITHIN THE DELAYS PROVIDED THEREIN.

ALL IN ACCORDANCE WITH THE CERTIFIED COPIES OF THE DOCUMENTS STATED ABOVE
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 11TH day of MARCH 2015.

Issued and delivered March 19, 2015

Allison Cryar

Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____

MILEAGE      $_____

TOTAL $_____

Party No.    P001

BY: _____
        Deputy Sheriff

APR 0 9 2015

...ade service on the named party through the
Corporation Services  ...........
...y tendering a copy of this document to J. Gonzalez
☐ JEANNINE SCHUTTE  ☐ PAULA GLASER  ☐ JARY CLAFLIN

E. Cummins

APR 0 8 2015

**SCANNED**
APR 1 6 2015


C  M  S  4  7  3  4  3  5  9     Page Count:: 1
Filing Date: 03/19/2015 10:04 AM
Case Number: 2015-001008
Document Name: You are Hereby Notified - Civil

You Are Hereby Notified - Civil



KENNETH PAUL LYONS
VS.    2015-001008
AXIALL CORPORATION

14th Judicial District Court
State of Louisiana
Parish of Calcasieu



THE STATE OF LOUISIANA

TO:  GEORGIA GULF LAKE CHARLES
     LLC
     THROUGH ITS REGISTERED
     AGENT: CORPORATION SERVICE
     COMPANY
     320 SOMERULOS STREET
     BATON ROUGE, LA  70802-6129

FILED        APR 1 5 2015

*Emily Hinton*
Deputy Clerk of Court
Calcasieu Parish, Louisiana

YOU ARE HEREBY NOTIFIED:
 TO COMPLY WITH THE "INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS" WITHIN THE DELAYS PROVIDED THEREIN.

ALL IN ACCORDANCE WITH THE CERTIFIED COPIES OF THE DOCUMENTS STATED ABOVE
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 11TH day of MARCH 2015.

Issued and delivered March 19, 2015

*Allison Cryer*
Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____         BY: _____
                                     Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001



APR 09 2015

Made service on the named party through the
Corporation Services
by tendering a copy of this document to ☐ JARY CLAFLIN
☐ JEANNINE SCHUTTE  ☐ PAULA GLASER
*E. Cummins*
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

APR 08 2015

SCANNED
APR 16 2015



C M S 4 7 3 4 5 1 3
Filing Date: 03/19/2015 10:49 AM    Page Count: 1
Case Number: 2015-001008
Document Name: You are Hereby Notified - Civil

KENNETH PAUL LYONS
VS.    2015-001008
AXIALL CORPORATION

Citation



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  GEORGIA GULF LAKE CHARLES LLC
THROUGH ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY
320 SOMERULOS STREET
BATON ROUGE, LA 70802-6129

FILED APR 1 5 2015

*Emily Hinton*

Deputy Clerk of Court
Calcasieu Parish, Louisiana

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of KENNETH PAUL LYONS, "PETITION FOR DAMAGES" against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered March 19, 2015

*Allison Cryer*
Allison Cryer
Deputy Clerk of Court

----------------------------------- SERVICE INFORMATION -----------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____          BY:  _____
                                          Deputy Sheriff
MILEAGE       $_____

TOTAL $_____

Party No.      P001

APR 0 9 2015

I made service on the named party through the
Corporation Services ....... *T. Gonzales*
by tendering a copy of this document to ........ ☐ JARY CLAFLIN
☐ JEANNINE SCHUTTE   ☐ PAULA GLASER

*E. Cummins*
East Baton Rouge, Louisiana

SCANNED
APR 1 6 2015  APR 0 8 2015

║▌║█║▌║█║▌║█║▌║█║▌║█║▌║
C  M  S  4  7  3  4  5  1  0
Filing Date: 03/19/2015 10:48 AM        Page Count: 1
Case Number: 2015-001008
Document Name: Citation

[ Original Copy ]
CMS0085

Page 1 of 1

KENNETH PAUL LYONS

VS.   2015-001008

AXIALL CORPORATION

Citation



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  AXIALL CORPORATION
     THROUGH            CORPORATION
     SERVICE COMPANY
     320 SOMERULOS STREET
     BATON ROUGE, LA  70802-6129

FILED  APR 1 5 2015

*Emily Hinton*

Deputy Clerk of Court
Calcasieu Parish, Louisiana

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of KENNETH PAUL LYONS, "PETITION FOR DAMAGES" against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered March 19, 2015

*Allison Cryer*

Allison Cryer
Deputy Clerk of Court

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____          BY:  _____

MILEAGE      $_____               Deputy Sheriff

TOTAL $_____

Party No.    P001

APR 0 9 2015

made service on the named party through the

Corporation Services                    ☑ J. 603 3b

tendering a copy of this document     ☐ JARY CLAFLIN

☑ JEANNINE SCHUTTE   ☐ PAULA GLASER

*C. Cummins*

Sheriff, Parish of East Baton Rouge, Louisiana

APR 0 8 2015

SCANNED
APR 1 6 2015

[ Original Copy ]
CMS0085

Page 1 of 1

You Are Hereby Notified - Civil

KENNETH PAUL LYONS                                                      14ᵗʰ Judicial District Court
VS.   2015-001008                                                              State of Louisiana
AXIALL CORPORATION                                                      Parish of Calcasieu



THE STATE OF LOUISIANA

TO:   AXIALL CORPORATION
      THROUGH CORPORATION
      SERVICE COMPANY
      320 SOMERULOS STREET
      BATON ROUGE, LA  70802-6129

FILED____ **APR 1 5 2015**

*Emily Hinton*

Deputy Clerk of Court
Calcasieu Parish, Louisiana

YOU ARE HEREBY NOTIFIED:
 TO COMPLY WITH THE "INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS" WITHIN THE DELAYS PROVIDED THEREIN.

ALL IN ACCORDANCE WITH THE CERTIFIED COPIES OF THE DOCUMENTS STATED ABOVE
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 11TH day of MARCH 2015.

Issued and delivered March 19, 2015

*Allison Cryer*
Allison Cryer
Deputy Clerk of Court

------------------------------------------------------------------------

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE       $_____          BY:   _____
                                          Deputy Sheriff
MILEAGE       $_____

TOTAL $_____

Party No.     P001

APR 0 9 2015
I made service on the named party through the
Corporation Services
by tendering a copy of this document to   J. Gonzales
J JEANNINE SCHUTTE   ☐ PAULA GLASER   ☐ JARY CLAFLIN
*E Cummins*   APR 0 8 2015 Baton Rouge, Louisiana

SCANNED
APR 1 6 2015



C M S 4 7 3 4 3 4 8   Page Count:: 1
Filing Date: 03/19/2015 09:58 AM
Case Number: 2015-001008
Document Name: You are Hereby Notified - Civil



KENNETH PAUL LYONS
VS.    2015-001008
AXIALL CORPORATION

Citation



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

---

THE STATE OF LOUISIANA

TO:  GEORGIA GULF CORPORATION

    THROUGH   ITS   AGENT   FOR
SERVICE: CORPORATION SERVICE
COMPANY
320 SOMERULOS STREET
BATON ROUGE, LA  70802-6129

FILED____ **APR 1 5 2015**

*Emily Hinton*

**Deputy Clerk of Court**
Calcasieu Parish, Louisiana

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of KENNETH PAUL LYONS, **"PETITION FOR DAMAGES"** against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered March 19, 2015

*Allison Cryer*

Allison Cryer
Deputy Clerk of Court

---

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

<u>PERSONAL SERVICE</u> on the party herein named _____

<u>DOMICILIARY SERVICE</u> on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____          BY: _____
                                     Deputy Sheriff
MILEAGE       $_____

TOTAL $_____

Party No.     P001

*made service on the named party through the Corporation Services by tendering a copy of this document to*
☐ JEANNINE SCHUTTE   ☐ PAULA GLASER   ☐ JARY CLAFLIN
**APR 0 9 2015**
*J. Gonzales*
*E. Cummings*   *Baton Rouge, Louisiana*
**APR 0 8 2015**

**SCANNED**
**APR 1 6 2015**

C M S 4 7 3 4 3 5 2
Filing Date: 03/19/2015 10:01 AM     Page Count: 1
Case Number: 2015-001008
Document Name: Citation

KENNETH PAUL LYONS, HELEN JEAN SCHUMACHER LYONS, LYONS FAMILY TRUST, DOROTHY LYONS BELILE, PHILLIP M. LYONS, SR., MARIE ELDER LYONS, ROBERT CHARLES BABCOCK, DEBORAH MCLEMORE BABCOCK, AND FINGERLAKE ESTATES CORPORATION, INC.

:   14TH JUDICIAL DISTRICT COURT

VS. NO. 2015-1008 "E"

:   PARISH OF CALCASIEU

AXIALL CORPORATION, GEORGIA GULF CORPORATION, GEORGIA GULF LAKE CHARLES, LLC, SUN, L.L.C., TURNER INDUSTRIES GROUP, L.L.C., AND EAGLE US 2, LLC

:   STATE OF LOUISIANA

FILED:  _____APR 0 2 2015_____

:   _____
DEPUTY CLERK

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, personally appeared MARY M. CRUTHIRDS, 721 Kirby Street, Lake Charles, LA 70601 (P.O. Box 2125, 70602), who after being duly sworn did say that on the 23rd day of March, 2015, she forwarded a copy of the petition in this litigation pursuant to Section 2015 of Title 30, by mailing it to Peggy M. Hatch, Secretary, Louisiana Department of Environmental Quality, P.O. Box 4301, Baton Rouge, LA 70821-4301 by certified mail, return receipt requested, properly addressed and postage prepaid; that on 24th day of March, 2015, the pleadings were delivered and received by Tiara Davis; and that she received the postal receipt attached hereto as Exhibit A.

**SCANNED**

**APR 1 6 2015**

_____
**MARY M. CRUTHIRDS**
Secretary to Turner D. Brumby
Attorney for Plaintiffs

SWORN TO AND SUBSCRIBED before me this 2nd day of April, 2015, at Lake Charles, Louisiana.

_____
**NOTARY PUBLIC**

Yvonne Hankins
Notary Public
State of Louisiana
My Commission is

Date 4.13.15
Check # 11984
From Venon Bill
Amt $ 93.60
Rec'd. By_____ SMH

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 If Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature *Kara Rovis* ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*) *TIARA DAVIS*  C. Date of Delivery MAR 2 3 2015 |
| 1. Article Addressed to:<br><br>*Hon. Peggy M. Hatch<br>Secretary, La DEQ<br>P.O. Box 4301<br>Baton Rouge La 70821-9730* | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*)   7010 0780 0001 3620 9730 | |

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

FILED   APR 0 2 2015

Deputy Clerk of Court
Calcasieu Parish, Louisiana

2015 APR -2  PM 3: 31
OFFICE OF CLERK OF COURT
CALCASIEU PARISH, LOUISIANA

## EXHIBIT "A"



# VERON
# BICE
# PALERMO &
# WILSON, LLC

ATTORNEYS AT LAW

J. MICHAEL VERON
JERE JAY BICE*
J. ROCK PALERMO III*
ALONZO P. WILSON
JAMIE B. BICE
MICHAEL G. HODGKINS
TURNER D. BRUMBY‡

OF COUNSEL
ASHLEY E. PHILEN

*CERTIFIED MEDIATORS
‡ALSO LICENSED IN GEORGIA

721 KIRBY STREET (70601)
POST OFFICE BOX 2125
LAKE CHARLES, LA 70602.2125

TELEPHONE  (337) 310-1600
FACSIMILE   (337) 310-1601
TOLL FREE   (877) 300-8680

WEBSITE:
www.veronbice.com

EMAIL:
info@veronbice.com

March 23, 2015

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NO. 7010 0780 0001 3620 9730**

Honorable Peggy M. Hatch
Secretary
Louisiana Department of Environmental Quality
P.O. Box 4301
Baton Rouge, LA 70821-4301

Re:   Kenneth Paul Lyons, Helen Jean Schumacher Lyons,
      Lyons Family Trust, Dorothy Lyons Belile,
      Phillip M. Lyons, Sr., Marie Elder Lyons,
      Robert Charles Babcock, Deborah McLemore Babcock,
      and Fingerlake Estates Corporation, Inc.
      Vs. No. 2015-1008 "E"
      Axiall Corporation, Georgia Gulf Corporation,
      Georgia Gulf Lake Charles, LLC, Sun, L.L.C.,
      Turner Industries Group, L.L.C., and Eagle US 2, LLC
      14th Judicial District Court, Calcasieu Parish, Louisiana

Dear Ms. Hatch:

On March 11, 2015, we filed the above captioned lawsuit asserting damages to our clients' property arising out of pipeline operations conducted on and in the vicinity of their property.  As required under La. R.S. 30:2015.1, a certified copy of the petition is enclosed for your review.

Let this be notice to all involved in this suit that this **Notice** is sent so that the State in all of its capacities, including but limited to its departments such as the Department of Environmental Quality, may take any action deemed necessary in this case.

Sincerely,

*Turner Brumby*

TURNER D. BRUMBY

TDB:mmc
Enclosure

KENNETH PAUL LYONS, HELEN          :   14TH JUDICIAL DISTRICT COURT
JEAN SCHUMACHER LYONS, LYONS
FAMILY TRUST, DOROTHY LYONS
BELILE, PHILLIP M. LYONS, SR.,
MARIE ELDER LYONS, ROBERT
CHARLES BABCOCK, DEBORAH
MCLEMORE BABCOCK, AND
FINGERLAKE ESTATES
CORPORATION, INC.

VS. NO. 2015-1008 "E"              :   PARISH OF CALCASIEU

AXIALL CORPORATION, GEORGIA       :   STATE OF LOUISIANA
GULF CORPORATION, GEORGIA
GULF LAKE CHARLES, LLC, SUN, L.L.C.,
TURNER INDUSTRIES GROUP, L.L.C.,
AND EAGLE US 2, LLC

FILED: _____APR 0 2 2015_____     :   _____
                                      DEPUTY CLERK

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, personally appeared MARY M. CRUTHIRDS, 721

Kirby Street, Lake Charles, LA 70601 (P.O. Box 2125, 70602), who after being duly sworn did say

that on the 23rd day of March, 2015, she forwarded a copy of the petition in this litigation pursuant

to Section 2015 of Title 30, by mailing it to James "Buddy" Caldwell, Louisiana State Attorney

General, P.O. Box 94005, Baton Rouge, LA 70804-4005 by certified mail, return receipt requested,

properly addressed and postage prepaid; that on 24th day of March, 2015, the pleadings were

delivered and received by Melissa Brown; and that she received the postal receipt attached hereto

as Exhibit A.

**MARY M. CRUTHIRDS**
Secretary to Turner D. Brumby
Attorney for Plaintiffs

SWORN TO AND SUBSCRIBED before me this 2nd day of April, 2015, at Lake Charles,

Louisiana.

**NOTARY PUBLIC**

Yvonne Hankins
Notary Public
State of Louisiana
Notary I
My Commission

Filing Date: 04/02/2015 12:00 AM
Case Number: 2015-001008                    Page Count: 1
Document Name: FILE AFFIDAVIT

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Hon. James Caldwell
Attorney General
P.O. Box 94005
Baton Rouge, La 70804

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Melisa Brown_   ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
M Brown                          5-1-15

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
(Transfer from service label)     7010 0780 0001 3620 9747

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

APR 0 2 2015

FILED
Deputy Clerk of Court
Calcasieu Parish, Louisiana

OFFICE OF CLERK OF COURT
2015 APR -2 PM 3:31
CALCASIEU PARISH, LOUISIANA

**EXHIBIT "A"**



C M S 4 7 6 2 8 7 2
Filing Date: 04/02/2015 12:00 AM                    Page Count: 2
Case Number: 2015-001008
Document Name: FILE EXHIBITS

# VERON
# BICE
# PALERMO &
# WILSON, LLC

ATTORNEYS AT LAW

J. MICHAEL VERON
JERE JAY BICE*
J. ROCK PALERMO III*
ALONZO P. WILSON
JAMIE B. BICE
MICHAEL G. HODGKINS
TURNER D. BRUMBY†

OF COUNSEL
ASHLEY E. PHILEN

*CERTIFIED MEDIATORS
†ALSO LICENSED IN GEORGIA

721 KIRBY STREET (70601)
POST OFFICE BOX 2125
LAKE CHARLES, LA 70602.2125

TELEPHONE  (337) 310-1600
FACSIMILE  (337) 310-1601
TOLL FREE  (877) 300-8680

WEBSITE:
www.veronbice.com

EMAIL:
info@veronbice.com

March 23, 2015

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**ARTICLE NO. 7010 0780 0001 3620 9747**

Honorable James D. "Buddy" Caldwell
Attorney General
State of Louisiana
P.O. Box 94005
Baton Rouge, LA 70804-9005

Re:   Kenneth Paul Lyons, Helen Jean Schumacher Lyons,
      Lyons Family Trust, Dorothy Lyons Belile,
      Phillip M. Lyons, Sr., Marie Elder Lyons,
      Robert Charles Babcock, Deborah McLemore Babcock,
      and Fingerlake Estates Corporation, Inc.
      Vs. No. 2015-1008 "E"
      Axiall Corporation, Georgia Gulf Corporation,
      Georgia Gulf Lake Charles, LLC, Sun, L.L.C.,
      Turner Industries Group, L.L.C., and Eagle US 2, LLC
      14th Judicial District Court, Calcasieu Parish, Louisiana

Dear Mr. Caldwell:

On March 11, 2015, we filed the above captioned lawsuit
asserting damages to our clients' property arising out of pipeline
operations conducted on and in the vicinity of their property.  As
required under La. R.S. 30:2015.1, a certified copy of the petition
is enclosed for your review.

Let this be notice to all involved in this suit that this **Notice** is sent
so that the State in all of its capacities, including but limited to its
departments such as the Department of Environmental Quality,
may take any action deemed necessary in this case.

Sincerely,

TURNER D. BRUMBY

TDB:mmc
Enclosure

# H. Lynn Jones II

Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana



Post Office Box 1030
Lake Charles, Louisiana 70602

Main: 337-437-3550
Fax: 337-437-3350

TURNER D BRUMBY
P O BOX 2125
Lake Charles, LA 70602-2125

April 8, 2015

KENNETH PAUL LYONS
VS.     NO: 2015-001008
AXIALL CORPORATION

Dear TURNER BRUMBY:

We are holding <u>AFFIDAVITS OF SERVICE & EXHIBITS</u> for a deposit of <u>$93.60</u>. Your attention is called to portion of R.S. 13:842 which states as follows:

Whenever the costs have exhausted the amount of the original advance deposit, the Clerk may refuse to perform any further function in the proceeding until the additional costs for the function have been paid, in accordance with the fees set forth in R.S. 13:841.

**Return the enclosed payment voucher with your payment. Failure to include the payment voucher could further delay processing of your filing.**

Sincerely,

Shelbie Hardy
Deputy Clerk of Court

CC:
Record

You Are Hereby Notified - Civil

KENNETH PAUL LYONS
VS.   2015-001008
AXIALL CORPORATION



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  EAGLE US 2 LLC
     THROUGH ITS REGISTERED
     AGENT CT CORPORATION
     SYSTEM
     5615 CORPORATE BOULEVARD
     SUITE 400B
     BATON ROUGE, LA  70808

FILED_____ APR 1 5 2015

*Emily Hinton*

Deputy Clerk of Court
Calcasieu Parish, Louisiana

YOU ARE HEREBY NOTIFIED:
 TO COMPLY WITH THE "INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS" WITHIN THE DELAYS PROVIDED THEREIN.

ALL IN ACCORDANCE WITH THE CERTIFIED COPIES OF THE DOCUMENTS STATED ABOVE
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 11TH day of MARCH 2015.

Issued and delivered March 19, 2015

*Allison Cryer*

Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE       $_____               BY:  _____
                                             Deputy Sheriff
MILEAGE       $_____

TOTAL  $_____

Party No.    P001

*SCANNED*
*APR 1 6 2015*

*APR 09 2015*
I made service on the named party through the
CT Corporation
by tendering a copy of this document to   ☑ ANTOINE PIERCE
☐ CHASITY CAILLOUET   ☐ TREVOR GAROUTTE
*E. Cummins*
Deputy Sheriff, Parish of East Baton Rouge, Louisiana
*APR 08 2015*

C M S 4 7 3 4 5 8 8

[ Original Copy ]
CMS0035

KENNETH PAUL LYONS

VS.    2015-001008

AXIALL CORPORATION

Citation



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   EAGLE US 2 LLC
      THROUGH    ITS    REGISTERED
      AGENT    CT    CORPORATION
      SYSTEM
      5615   CORPORATE   BOULEVARD
      SUITE 400B
      BATON ROUGE, LA 70808

FILED ____ APR 1 5 2015

*Emily Hinton*

Deputy Clerk of Court
Calcasieu Parish, Louisiana

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of KENNETH PAUL LYONS, "PETITION FOR DAMAGES" against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered March 19, 2015

*Allison Cryer*

Allison Cryer
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE       $_____        BY: _____

MILEAGE       $_____             Deputy Sheriff

TOTAL $_____

Party No.     P001

*APR 09 2015*

*I made service on the named party through the*
*CT Corporation*
*by tendering a copy of this document to ☐ ANTOINE PIERCE*
*☐ CHASITY CAILLOUET    ☐ TREVOR GAROUTTE*

*E. Cummins*

*Deputy Sheriff, Parish of East Baton Rouge, Louisiana*

*APR 08 2015*

*SCANNED*
*APR 1 6 2015*



```
C M S   4 7 3 4 5 8 4
```
Filing Date: 03/19/2015 11:05 AM      Page Count: 1
Case Number: 2015-001008
Document Name: Citation

KENNETH PAUL LYONS                    Citation                    14ᵗʰ Judicial District Court
VS.    2015-001008                             State of Louisiana
AXIALL CORPORATION                                                Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  TURNER INDUSTRIES GROUP LLC          **FILED**  APR 2 2 2015

     THROUGH    ITS    REGISTERED         *Emily Hinton*
     AGENT JOHN H FENNER III              **Deputy Clerk of Court**
     8687 UNITED PLAZA BOULEVARD          Calcasieu Parish, Louisiana
     BATON ROUGE, LA  70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of KENNETH PAUL LYONS, "PETITION FOR DAMAGES" against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered March 19, 2015

                                        *Allison Cryer*
                                        Allison Cryer
                                        Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - -
Received on the _9_ day of __APR__ 20_15_, and on the _9_ day of __APR__ 20_15_ served the above named party as follows:

PERSONAL SERVICE on the party herein named _TURNER 8687 UNITED PLAZA (MAX)_

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____          BY: _____
                                       Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

APR 08 2015

SCANNED
APR 2 2 2015



[ Original Copy ]
CMS0085                                                          Page 1 of  1

# VERON
# BICE
# PALERMO &
# WILSON, LLC

### ATTORNEYS AT LAW

J. MICHAEL VERON
JERE JAY BICE*
J. ROCK PALERMO III*
ALONZO P. WILSON
JAMIE B. BICE
MICHAEL G. HODGKINS
TURNER D. BRUMBY†

OF COUNSEL
ASHLEY E. PHILEN

*CERTIFIED MEDIATORS
†ALSO LICENSED IN GEORGIA

721 KIRBY STREET (70601)
POST OFFICE BOX 2125
LAKE CHARLES, LA 70602.2125

TELEPHONE  (337) 310-1600
FACSIMILE  (337) 310-1601
TOLL FREE  (877) 300-8680

WEBSITE:
www.veronbice.com

EMAIL:
info@veronbice.com

15-1008

April 20, 2015

FILED 4/20/2015

Deputy Clerk of Court
Calcasieu Parish, Louisiana

Honorable H. Lynn Jones
Clerk of Court
Calcasieu Parish
Lake Charles, LA 70601

Re:  Kenneth Paul Lyons, Helen Jean Schumacher Lyons,
Lyons Family Trust, Dorothy Lyons Belile,
Phillip M. Lyons, Sr., Marie Elder Lyons,
Robert Charles Babcock, Deborah McLemore Babcock,
and Fingerlake Estates Corporate, Inc.
Vs. No. 2015-1008 "E"
Axiall Corporation, Georgia Gulf Corporation,
Georgia Gulf Lake Charles, LLC, Sun, L.L.C.,
Turner Industries Group, L.L.C., and Eagle US 2, LLC

Dear Mr. Jones:

Please reissue service of the Petition for Damages and Plaintiffs'
First Set of Interrogatories and Requests for Production of Documents on
the following defendants as follows:

Georgia Gulf Lake Charles, LLC
Through its agent for service of process
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

Georgia Gulf Corporation
Through its agent for service of process
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

Axiall Corporation
Through its agent for service of process
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

2015 APR 20  PM 4: 18
OFFICE OF CLERK OF COURT

SCANNED
APR 28 2015

Date 4.20.15
Check# 12007
From Veron Bice
Amt $273.00
Recd. By JMH

Honorable H. Lynn Jones
April 20, 2015
Page 2

Enclosed are additional copies for service on the above defendants.

Further enclosed is our firm check in the amount of $273.00 representing the cost to reissue service on said defendants.

Very truly yours,

TURNER D. BRUMBY

TDB:mmc
Enclosures

KENNETH PAUL LYONS
VS.    2015-001008
AXIALL CORPORATION

Citation



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   AXIALL CORPORATION
through agent for service process CT
CORPORATION SYSTEM
5615 CORPORATE BLVD, STE 400B
Baton Rouge, LA  70808

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of KENNETH PAUL LYONS,    (PETITION FOR DAMAGES)    against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered April 28, 2015

*Darnell Richmond*
Darnell Richmond
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE     $_____         BY:   _____
                                      Deputy Sheriff
MILEAGE     $_____

TOTAL $_____

Party No.     P001

|||||| barcode ||||||
C  M  S  4  7  8  9  4  2  9
Filing Date: 04/28/2015 08:56 AM        Page Count: 1
Case Number: 2015-001008
Document Name: Citation

[ File Copy ]
CMS0085

Page 1 of 1

You Are Hereby Notified - Civil



KENNETH PAUL LYONS
VS.   2015-001008
AXIALL CORPORATION

14ᵗʰ Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   AXIALL CORPORATION
      through agent for service process CT
      CORPORATION SYSTEM
      5615 CORPORATE BLVD, STE 400B
      Baton Rouge, LA  70808

YOU ARE HEREBY NOTIFIED:

IT IS REQUESTED THAT YOU RESPOND TO THE FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFFS' WITHIN THE
TIME DELAYS ALLOWED BY LAW.

ALL IN ACCORDANCE WITH THE CERTIFIED COPY ATTACHED HERETO AND MADE A PART
HEREOF

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 11ᵗʰ day of  MARCH  2015.

Issued and delivered April 28, 2015

_Darnell Richmond_
Darnell Richmond
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE        $_____          BY:   _____
                                           Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.      P001

[ File Copy ]
CMS0035

Page 1 of 1

KENNETH PAUL LYONS
VS.    2015-001008
AXIALL CORPORATION

Citation



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  GEORGIA GULF CORPORATION

through agent for service process CT
CORPORATION SYSTEM
5615 CORPORATE BLVD, STE 400B
Baton Rouge, LA 70808

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of KENNETH PAUL LYONS,     (PETITION FOR DAMAGES)     against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered April 28, 2015

*Darnell Richmond*

Darnell Richmond
Deputy Clerk of Court

----------------------------------------------------------------------------

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE       $_____          BY:    _____
                                          Deputy Sheriff
MILEAGE       $_____

TOTAL $_____

Party No.   P001

[ File Copy ]
CMS0085

C  M  S  4  7  8  9  3  8  5
Filing Date: 04/28/2015 08:46 AM    Page Count: 1
Case Number: 2015-001008
Document Name: Citation

Page 1 of 1



You Are Hereby Notified - Civil

KENNETH PAUL LYONS                                                    14th Judicial District Court
VS.   2015-001008                                                                State of Louisiana
AXIALL CORPORATION                                                     Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   GEORGIA GULF CORPORATION

through agent for service process CT
CORPORATION SYSTEM
5615 CORPORATE BLVD, STE 400B
Baton Rouge, LA  70808

YOU ARE HEREBY NOTIFIED:

IT IS REQUESTED THAT YOU RESPOND TO THE FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFFS' WITHIN THE
TIME DELAYS ALLOWED BY LAW.

ALL IN ACCORDANCE WITH THE CERTIFIED COPY ATTACHED HERETO AND MADE A PART
HEREOF

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 11TH day of MARCH  2015.

Issued and delivered April 28, 2015

*Darnell Richmond*

Darnell Richmond
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE        $_____           BY:   _____
                                                          Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.     P001

KENNETH PAUL LYONS
VS.     2015-001008
AXIALL CORPORATION

Citation



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  GEORGIA GULF LAKE CHARLES
     LLC
     through agent for service process CT
     CORPORATION SYSTEM
     5615 CORPORATE BLVD, SUITE
     400B
     Baton Rouge, LA  70808

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in
the petition of KENNETH PAUL LYONS,     (PETITION FOR DAMAGES)     against you, certified copy of which
petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse,
in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 11th day of March 2015.

Issued and delivered April 28, 2015

*Darnell Richmond*

Darnell Richmond
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named
party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in
said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein
being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____        BY:   _____

MILEAGE        $_____              Deputy Sheriff

TOTAL $_____

Party No.     P001

[ File Copy ]
CMS0085

C  M  S  4  7  8  9  3  6  7
Filing Date: 04/28/2015 08:38 AM     Page Count: 1
Case Number: 2015-001008
Document Name: Citation

Page 1 of  1

You Are Hereby Notified - Civil



KENNETH PAUL LYONS
VS. 2015-001008
AXIALL CORPORATION

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO: GEORGIA GULF LAKE CHARLES
LLC
through agent for service process CT
CORPORATION SYSTEM
5615 CORPORATE BLVD, SUITE
400B
Baton Rouge, LA 70808

YOU ARE HEREBY NOTIFIED:

IT IS REQUESTED THAT YOU RESPOND TO THE FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFFS' WITHIN THE
TIME DELAYS ALLOWED BY LAW.

ALL IN ACCORDANCE WITH THE CERTIFIED COPY ATTACHED HERETO AND MADE A PART
HEREOF

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 11th day of MARCH 2015.

Issued and delivered April 28, 2015

*Darnell Richmond*

Darnell Richmond
Deputy Clerk of Court

------------------------------------------------------------------------------------------

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____        BY: _____
                                        Deputy Sheriff
MILEAGE       $_____

TOTAL $_____

Party No.     P001

[ File Copy ]
CMS0035

C M S 4 7 8 9 3 7 5      Page Count: 1
Filing Date: 04/28/2015 08:42 AM
Case Number: 2015-001008
Document Name: You are Hereby Notified - Civil

Page 1 of 1